[Phillips, *et al.* v. Bynum, *et al.*]

# Phillips, *et al. v.* Bynum, *et al.*

## *Contest of a Stock Law Election.*

[DECIDED JAN. 9, 1906, 39 So. REP. 911.]

1. *Statutes; Field of Operation.*—The act approved September 29, 1903, (General Acts 1903, p. 431) providing for an election by precincts to establish stock law districts, or to repeal districts already established, containing, as it does, a provision that nothing in said act shall repeal any local stock law heretofore enacted, gives a field of operation for both acts in a county having a local stock law act, not inconsistent with the terms of the general act.

2. *Same; Validity of Election.*—Under the provisions of the act approved Sept. 29, 1903 (General Acts 1903, p. 431) an election to repeal existing stock law in any portion of a county, less than a precinct, is without authority of law and void.

3. *Elections; Contest; Jurisdiction to Entertain.*—A commissioner's court is without jurisdiction to entertain a contest of an election held without authority of law, and consequently void.

APPEAL from Blount Probate Court.

Heard before JOHN F. KELTON.

This was a petition addressed to the probate judge of Blount county seeking to contest an election held on the 2d day of January, 1905, in a portion of election precinct No. 37, commonly called "Dailey's Beat," to determine whether or not stock should be allowed to run at large in said portion of Dailey's beat. The contest was regularly set for hearing, and parties interested on the other side of the question were given notice of the contest. On the day set for hearing John Phillips appeared, limiting his appearance for the purpose of making a motion, and moved the court to dismiss and decline to take jurisdiction in the contest upon the grounds that the court had no jurisdiction and that the grounds of contest set forth in the petition do not constitute or contain similar grounds on which an election should be

contested before this court. There was also a plea in abatement filed by contestees, setting up a want of jurisdiction in the court because the judge of probate was a part of the court of county commissioners that passed upon and ordered the election. There was other pleading not necessary to be set out. The lower court adjudged the election void and taxed the contestees with the cost. From this action of the court an appeal was taken.

G. W. Darden and J. M. Chilton, for appellant.— The only contest provided by the act under consideration (General Acts 1903 1903, p. 431) is found in the seventh section thereof, which provides that the election shall be contested in the same manner before the judge of probate as contests of the election of constables are contested.—Sections 1686-1703, Code 1896. Under these sections, only a contest of an election to an office is provided for. These provisions are not adapted and cannot be applied to the contest in hand without further legisltion than is provided by the act. The correctness of this assertion will readily appear by reference to section 1697, Code 1897. When the language of an act appears on its face to have a meaning, but it is impossible to give it any precise or intelligible application in the circumstances under which it was intended to operate, it is void.—26 Am. & Eng. Ency. of Law, (2nd Ed.) p. 656 and cases cited in note 1.—Johnson v. The State, 100 Ala. 32. Courts are not at liberty to supply the deficiency or to make the statute certain.—26 Am. & Eng. Ency. of Law, (2nd Ed.) p. 657 and note 1.—Johnson v. The State, supra; State v. Cartlow, (N. C.) 49 Am. Rep. 652; Augustine v. The State, 41 Tex. Crim.

It does not appear from the judgment entry that a notice such as is required by Section 1687 of the Code was given the adverse party. There is no authority given by the statute for adjudging costs against the contestee.

Emery C. Hall, for appellee.—The local law for Blount county (Acts 1900-1, p. 1800) is expressly exempted from repeal by the general law, if the local law was in full force and effect in Blount county any elec-

tion held under the general stock law passed by the Legislature of 1903 is not authorized by law and is void, and the court had no jurisdiction of the contest, and this court will of its own motion dismiss the appeal.—*Petus v. McKinley,* 56 Ala. 41; *Leslie v. Tuck,* 57 Ala. 483. If the election was authorized by the general law, contest is fully provided for, and it is unnecessary that the variant provisions of Article 15, Code 1896, Section 1697, et seq. should be set out in the statute in full. —*State, ex rel. v. Rogers, et al.,* 107 Ala. 444; *Birmingham Union Ry. Co. v. Elyton Land Co.,* 114 Ala. 7. On appeal, the judgments of primary court must be presumed to be free from error until the contrary is shown. —2 Mayfield's Digest, p. 129. The grounds of contest are, among other things, the rejection of legal votes. Officers of an election may commit error that will vitiate the election, so voters excluded by an erroneous ruling of such officers need not present ballots.—McCrary on Elections, Secs. 235-276. If the trial court committed error in giving judgment against the contestees for cost, this court will reform the judgment in that respect and affirm the case.—*Webb & Stagg, v. McPherson & Co.,* in MSS.

SIMPSON, J.—The first point to decide, in order to reach a solution of the problems in the case, is, what law applies? On February 28, 1901, a local act was passed establishing a stock law in Blount county.—Loc. Acts 1900-1, p. 1800. That act provided for an election by the qualified voters of the entire county to ascertain whether they desired a stock law. That act provided, also, that in any precinct in that county, wherein a majority of the voters cast their votes for the stock law, a stock law shall be established, if within six months a lawful fence shall be erected around said precinct. It also provides for a similar election, at any time in the future, with similar results, on application by 1,200 voters. Under that act the only election provided for was an election by the voters of the entire county, and the inhabitants of a precinct could secure a stock law only by having a county election, at which a

majority of the voters in the precinct should vote for it.
The general act of September 29, 1903 (Acts 1903, p.
431), provides for an election in any precinct on peti-
tion by a majority of the freeholders. It is provided in
this act that it "shall not be construed as repealing any
local law heretofore enacted." But this act shows a
clear intention to make it applicable to precincts which
have a stock law existing under any previous act, so as
to give the vote the effect of abolishing the existing stock
district, as section 6 (page 433) provides that "if such
election is held in any precinct in which stock law al-
ready exists, and a majority of the votes cast be 'Stock
law, No,' the result of such election shall not take ef-
fect, until the lapse of six months after such election."
The act also provides that "in order to procure an elec-
tion to 'repeal existing stock law' the petition must not
only be signed by a majority of the landowners, * * * but
it must also be verified by affidavit of two or more show-
ing that petitioners are landowners and that their lands
do not lie within an incorporated city or town."

It is evident that there is a field of operation for both
acts in the same county. An election could be held
throughout the county of Blount under the local act, and
an election could be held in any precinct of the county
afterwards under the general act; but, in order to hold
an election which would have the effect of repealing the
previous adoption of the stock law in any precinct, the
petition would have to be signed by a majority of the
landholders and verified. It is clear that the election
was not held under the local law. The record does not
show whether any stock law was in operation under the
local law at the time the election was held, nor are cop-
ies of the petition and other proceedings under which
the election was held given; but it is distinctly stated
that the election was held for a part of a precinct and
the voters in the other parts of the precinct were denied
the right to vote, and that the stock law so attempted to
be voted on was to operate in only a portion of said pre-
cinct. The precinct is the unit fixed by the act, and an
election held for any subdivision of the precinct is with-
out authority of law. In the case now before the court

[Commissioner's Court of Blount County v. Johnson.]

we hold that, no such election as is provided by law being shown, the court was without jurisdiction to entertain a contest. The motion to dismiss the procedings for contest should have been granted.

The judgment of the court is reversed, and a judgment will be here rendered dismissing the petition for contest.

Reversed and rendered.

TYSON, DOWELL and ANDERSON, JJ., concur.