# Sigsbee, *et al. v.* City of Birmingham.

### *Contest of Election.*

(Decided Dec. 17, 1908.  47 South. 1036.)

1. *Election; Contest; Grounds.*—The allegation of statutory grounds for a contest of an election is jurisdictional.

2. *Same; Petition.*—A petition to contest the result of an election for the annexation of territory to a city should specify the grounds of contest, or some of them, prescribed by section 455, Code 1907, as provided by section 1071, sub. 8, Code 1907.

APPEAL from Jefferson Probate Court.

Heard before Hon. SAMUEL E. GREENE.

Contest of election, as to enlarging territory of the City of Birmingham, by J. N. Sigsbee and another against the City of Birmingham. From a judgment dismissing the petition, contestants appeal. Affirmed.

The petition was in the following language: "Your contestors, J. N. Sigsbee and R. D. Wade, would state and show your honor the following state of facts as their contest of an election held on the 30th day of June, 1908, for the purpose of extending the corporate limits of the city of Birminghom, Jefferson county, Alabama, over the hereinafter described territory, and known as

the territory included in that portion known and called
East Birmingham, · Jefferson county, Alabama: Your
petitioners would show unto your honor that there was
held on, to wit, January 7, 1908, an election for the pur-
pose of enlarging and altering and rearranging the boun-
dary line of the city of Birmingham, Jefferson county,
Alabama, which said election was duly called by the
mayor of the city of Birmingham, under the act of the
Legislature of the state of Alabama, approved August
8, 1907; that the said election so held on the date afore-
said was for the purpose of taking in or enlarging the
boundary line of the city of Birmingham, Alabama, and
to include within the said corporate limits of the said
city of Birmingham, Jefferson county, the hereinafter
described territory, and that the returns of said election
so held were made and returned as required by the said
law of the result of an election held in the identical
territory hereinafter set out and described; that on the
30th day of June, 1908, under and by virtue of an order
issued by your honor June 8, 1908, there was held an-
other election for the purpose of electing within the
corporate limits of the city of Birmingham the territory
hereinafter described, and which is the identical and
part of the territory included in the territory mention-
ed and described in the election held January 6, 1908,
for the purpose of enlarging the boundary line of the
city of Birmingham. And petitioners aver that the two
said elections were held in said East Birmingham, Jeffer-
son county, Alabama, and that due returns of both
elections have been made and certified to the city author-
ities of the said city of Birmingham; and petitioners
further aver that after the election held on the said
6th day of January, 1908, your honor ordered and direct-
ed a subsequent election held on the 30th day of June
1908, which order was issued by your honor June 8,

1908, and said order for the said election and for the purpose of annexing the territory hereinafter described to the corporate boundary of the city of Birmingham, and which is the identical and part of the same territory as that included in the election of January, 1908, and which order, so made and so ordered by your honor on the said date aforesaid, was made and ordered and the said election was so held within six months next after said election so held as aforesaid on, to wit, January 6, 1908, and is contrary to and in violation of section 1073 of the Code of Alabama, and which said territory, and which was embraced in the two said elections held as aforesaid, and on order so made as aforesaid, is herein set out in the exhibit hereto attached, marked 'Exhibit A,' and made a part of this petition, and to be read along with the averments of the petition and statement." Petitioners then aver that they are resident citizens and qualified voters of and in the territory set out in Exhibit A. The prayer is that the election held June 30, 1908, be declared null and void. Exhibit A contained the orders and boundaries for the holding of the two elections, and shows that elections were held in parts of the same territory. The petition was addressed to Hon. Samuel E. Greene, judge of probate. The contestee admitted the facts set out in the petition, but denied that section 1073 of the Code was intended to prevent an election to be held under article 3, c. 32, of the Code, within six months of an election held under the special act of August 8, 1907, entitled "An act to alter or rearrange the boundary line in the city of Birmingham, Alabama." Loc. Acts 1907, p. 902. It is further alleged in the answer that the election of January 6, 1908, is void, and was not an election. It is further alleged that the petition shown on its face that no ground of

[Sigsbee, et al. v. City of Birmingham.]

contest is set out therein, as is provided in section 455, Code 1907, and it is moved to dismiss said petition on said ground.

PINKNEY SCOTT, for appellant. The case is one proper to be heard in vacation.—*Jackson v. The State, ex rel. Tillman*, 143 Ala. 149. Quo warranto is the proper remedy.—*City of Uniontown v. The State ex rel. Glass*. 145 Ala. 473. It may be brought directly against the municipality.—*State v. Encley*, 142 Ala. 663; 92 Cal. 611; 73 Tex. 370; 166 Ill. 370; 23 A. & E. Ency of Law, 622. The election held on June 30, 1908, was held within six months of the election held in Jan. 1906, and is expressly prohibited.—Sec. 1073 and 1175, Code 1907.

R. H. THATCH, for appellee. No cause is enumerated for the contest and it was properly dismissed.—Sec. 455, Code 1907; Sec. 1071, subd. 8, Code 1907.

SIMPSON, J.—The petition in this case was filed by the appellants for the purpose of contesting an election held to determine whether certain territory should be added to the city of Birmingham. In a proceeding to contest an election the allegation of statutory grounds for such contest is jurisdictional. 15 Cyc. 398, 399. No statutory grounds are alleged in this petition. Subdivision 8, § 1071, Code 1907; section 455, Id.

The petition was properly dismissed, and the decree of the court is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.