## Gibson, et al. v. Anderson, Sheriff.

(Decided June 8, 1916.)

Appeal from Oldham Circuit Court.

1. Schools and School Districts—Consolidated District—Submission of Question of Tax.—When the board of education creates a consolidated district and submits to the voters thereof the question of levying a tax to provide for the building of a schoolhouse, a tax levied for this purpose cannot be used for the purpose of maintaining the school or transporting pupils to and from school, and when the schoolhouse has been provided, the tax cannot be longer collected.

2. Schools and School Districts—Board of Education—Submission of Question of Tax.—The board of education has authority under subsection 8 of section 4399 to submit to the voters in a consolidated district the question whether they will vote a tax to provide a schoolhouse alone without submitting to them the question of transporting pupils or maintaining the school.

3. Schools and School Districts—Consolidated District—Discretion of Board in Submitting Tax Question.—The board of education is invested with large discretion in submitting to the people the question of voting a tax in a consolidated district and may submit the question of voting a tax to build a schoolhouse or to maintain the school or to transport pupils, or submit the question of a tax for all these purposes or any one or more of them.

S. E. DeHAVEN and G. W. PEAK for appellants.

J. BALLARD CLARK for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This suit was brought by two taxpayers who attack an election held to vote a tax for a consolidated school district established by the county board of education of Oldham county, and may be briefly disposed of.

The petition—there being no exhibits—to which a demurrer was sustained, charged, in substance, that the county board of education did on February 15, 1916, lay off a boundary, describing it as the boundary of Crestwood consolidated subdivision number two of educational division number one, and order an election to be held in the district so laid off on March 18, 1916, for the purpose of taking the sense of the voters on the proposition whether a property tax of twenty cents should be voted in said boundary for the purpose of building a schoolhouse in the proposed consolidated district. It further appears that at the election a majority of the voters voted in favor of the proposition, and thereupon the board of education directed the tax to be levied and collected by the sheriff of the county.

The grounds upon which the election is assailed are: (1) That the boundary includes a part of the Pewee Valley district and places in the proposed district three persons, naming them, living in that district. These persons, however, are not the plaintiffs in this suit, nor are they complaining of the fact that they were placed in this consolidated district. Neither does it appear that the boundary of the consolidated district does not properly include a part of the Pewee Valley district.

(2) That T. K. Barbee was permitted to vote at the election although he was not a legal voter in the district. It does not, however, appear that the vote of Barbee affected the result of the election.

(3) That the proposition submitted was "Whether or not the following shall be levied: 'A tax of twenty cents on each one hundred dollars' worth of taxable property in said boundary to provide for the building of a school house in the village of Crestwood as near to the location of the two railroad depots as practicable;'" and it is said that this proposition did not conform to the provisions of the statute under which authority for holding the election is found. This section of the statutes, which is subsection 8 of section 4399, provides that "the county board of education is hereby empowered to lay off a boundary including a number of subdistricts and submit to the voters in that boundary the proposition of a tax sufficient to provide for consolidation of the schools within that boundary and for transportation of pupils to and from said consolidated school." It is true that the question submitted to the voters did not follow the statute, but we do not find in this circumstance any objection to the tax for the purpose for which it was levied, as much latitude is allowed in conducting these school elections. Travelstead v. Ray, 169 Ky. 706.

Under this statute we think the board of education has authority to submit to the voters in the proposed district the question whether they will vote a tax for the purpose of providing a schoolhouse alone without submitting to them the question of transporting the pupils to and from the school or the question of maintaining the school, and apparently it was the purpose of the board, in submitting the question of this tax, to use the money raised by the tax only for the purpose of providing a school building, and the money derived from this tax cannot be used by the board of education for any other purpose. When a sufficient fund has been raised by this tax to provide the school building for the district, then no further tax can be levied under authority of this election. The people in the consolidated district had submitted to them the specific question whether or not they were in favor of a tax for the purpose of providing a school building, and this proposition they voted in favor of. They did not vote a tax for the purpose of maintaining the school, or a tax for the purpose of transporting the pupils to and from the school. Neither of these questions was submitted to them even in a general way and so no part of the money can be used for either of these purposes.

If the board of education hereafter desires to raise money under the section of the statutes we are considering, for the purpose of maintaining the school or for the purpose of transporting the children to and from the school, either or both, they must again submit to the voters of the district both of these questions or whichever one they desire to submit in such manner as that the voters may understand the purpose of the tax. The board of education under the statute creating it is invested with large discretionary powers in order that it might administer the affairs of each district according to the needs of the particular district. For example, in one district it might not be necessary to raise any money by taxation for the purpose of building a schoolhouse; in another district it might not be necessary to raise any money for the purpose of maintaining a school; and in yet another it might not be advisable to raise any money for the purpose of transporting children to and from the school; while in other districts it might be thought best to raise money by taxation for all three of these purposes, or any two of them, or one of them alone. But when the board of education expressly limits in the question submitted to the people the specific purpose for which the tax is to be used, as they did in this case, it cannot be used for any other purpose, and when the purpose has been accomplished for which the tax was raised, the imposition of the tax stops.

(4) It is said that no time was fixed during which this tax might be levied and collected and therefore it might be continued indefinitely. This objection, however, has been answered by what has been heretofore said.

Wherefore, the judgment is affirmed.