(81 South. 545)

BRUNSON v. DOBBS. (5 Div. 719.)

(Supreme Court of Alabama. April 10, 1919.)

1. ELECTIONS ⚫229—CONTEST OF ELECTION —REJECTION OF VOTES.

Under Code 1907, § 455, subd. 4, and section 456, if, after counting the legal rejected votes, there were cast for contestant enough illegal votes to let the result stand, an election will not be annulled.

2. ELECTIONS ⚫285(4)—CONTESTS—PLEADING.

In view of Code 1907, § 456, in order for rejected legal votes to be sufficient ground of contest under section 455, subd. 4, contestant must allege that if the rejected votes had been counted contestant would have had a majority of the "legal" votes cast, an averment merely of a majority of the votes cast not being sufficient, despite the rule that if the votes are unchallenged and received and counted by the managers they are prima facie legal.

3. ELECTIONS ⚫291—CONTESTS—EVIDENCE.

If votes were unchallenged, and received and counted by the managers, they are prima facie legal in a proceeding to contest the election.

Appeal from Circuit Court, Elmore County; A. B. Foster, Judge.

Proceeding by J. W. Dobbs against T. W. Brunson to contest the election for Mayor of the Town of Tallassee. There was a judgment for the former, and the latter appeals. Reversed and remanded.

J. M. Holley, of Wetumpka, for appellant. P. B. McKenzie, of Tallassee, for appellee.

ANDERSON, C. J. [1,2] This cause involves the contest of the election for mayor of the town of Tallassee. Section 1168 of the Code of 1907 provides for the contest of municipal elections upon the same grounds and in the same manner providing for contesting the election for probate judges, as set forth in section 470 of the Code as amended by the Act of 1911, p. 195. The first ground of the contest, as set forth in paragraph 3 of the petition, and to which the demurrer was overruled, was under subdivision 4 of section 455 of the Code of 1907, to wit, "on account of the rejection of legal votes." Section 456 of the Code, among other things, provides:

"Nor must any election be annulled or set aside because of the rejection of legal votes unless it appears that such legal votes, if given to the person intended, would increase the number of his legal votes to or above the number of legal votes received by another person for the same office."

It is manifest from the quoted part of the statute that the lawmakers contemplated that, notwithstanding the rejection of legal votes, the result of the election should not be disturbed unless the party deprived of said legal votes would have been elected by the legal votes cast, including said rejected votes. In other words, if, after counting the legal rejected votes, there were cast for him enough illegal votes to let the result stand after counting the rejected votes, the election must not be annulled. Therefore, in order for the first ground of the contest to be sufficient, under the statute, it should have set out that, if said rejected votes had been counted, contestant would have had a majority of the "legal" votes cast at said election. The averment merely of a majority of the votes cast was not sufficient. Wade v. Oates, 112 Ala. 325, 20 South. 495. The trial court erred in not sustaining the contestee's demurrer to the first ground of the contest as set out in paragraph 3 of the petition.

[3] We do not take issue with the suggestion of appellee's counsel that, if the votes were unchallenged and received and counted by the managers, they were prima facie legal; but this presents a question of proof and not of pleading. That rule of evidence does not relieve the appellee from averring that he would have been elected by the "legal" votes cast, had the rejected ballots been counted for him. Had he averred this, the unchallenged acceptance and counting of same would have been prima facie evidence that they were legal and would place the burden upon contestee to show that contestant received illegal votes; but this rule of evidence was not available until the contestant set forth the necessary averment in his pleading. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes