(82 South. 524)

GOODWIN v. CITY OF BIRMINGHAM et al. (6 Div. 933.)

(Supreme Court of Alabama. June 26, 1919.)

1. SCHOOLS AND SCHOOL DISTRICTS ☞103(2) —TAXATION—LEVY BY COUNTY—INVALIDITY OF DISTRICT LEVY EXTENDING BEYOND TIME OF COUNTY LEVY.

Special School Tax Amendment, Const. art. 19, adopted in 1916, authorizing a county to levy a 3-mill tax for education purposes, provides for levy of such a tax by the several school districts, but only in such counties as are levying and collecting not less than a 3-mill special county school tax, and where the county's authority to levy was for 10 years only, a district had no right to anticipate that the county would renew the levy beyond such time and vote a district levy for 25 years.

2. SCHOOLS AND SCHOOL DISTRICTS ☞103(2) —VOTED LEVY INVALID BECAUSE EXTENDING BEYOND TIME OF COUNTY LEVY.

Where a school district could have made a valid 3-mill tax levy for 10 years, but made a levy for 25 years, which was invalid, the court

cannot declare such levy valid for 10 years and invalid for the remaining 15 years, as that would fasten upon district an entirely different proposition from that submitted to and adopted by voters.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by C. G. Goodwin against the city of Birmingham and the commissioners thereof to enjoin levy and collection of a 3-mill school tax and to enjoin the issuance of bonds in pursuance thereof. From a decree sustaining demurrer to the bill, the complainant appeals. Reversed, rendered, and remanded.

The bill alleges that complainant is a resident and a taxpayer in the city of Birmingham, in Jefferson county, Ala., that the city of Birmingham is a municipal corporation, and that the five named persons made respondent hereto have been duly elected and qualified commissioners of said city of Birmingham and as such are in charge of the municipal affairs of the city of Birmingham, and that the city of Birmingham is by law a separate school district in Jefferson county, Ala. The bill then sets out the act of the Legislature proposing an amendment to the Constitution of Alabama known as article 19 of the Constitution, which the bill avers was adopted by the vote of the people of the state of Alabama. The bill then sets out the act of the Legislature adopted September 10, 1915, and approved of that date, authorizing any county in the state and any school district to hold an election to determine whether or not they would levy and collect this special tax. The bill shows the proper proceedings leading up to an election held in Jefferson county on January 30, 1917, to determine whether or not the special 3-mill school tax should be levied in said county for a period of 10 years beginning the 30th day of September, 1917, and the result of said election, which was that the said 3-mill school tax be levied for a period of 10 years; that on the 12th day of April, 1918, the board of education of Jefferson county did adopt and file a request in writing with the board of revenue of Jefferson county that the said board of revenue should call a special election for the separate school district comprising the city of Birmingham to determine whether or not a special tax of 30 cents on each $100 of taxable property located within the city of Birmingham should be levied for school purposes within the city of Birmingham for a period of 25 years, setting out the purposes to which the tax should be applied. The bill further alleges the calling of an election pursuant to said resolution, to be held on the 6th day of May, 1918, to determine whether or not the special tax should be levied and collected upon the taxable property in the separate school district for school purposes; one of the purposes being to provide for the payment of the principal of $1,000,000 of school bonds to be issued for high schools for the use of the city of Birmingham and to be issued by the superintendent. The bill also shows the adoption of an ordinance ordering an election for the purposes above noted and proceedings by the board of revenue calling the election in accordance with the ordinance and the resolution adopted by the board of revenue, the holding of the election, the declaring of its results, which were favorable, and a resolution of the board of revenue on May 13, 1918, ordering the levy and collection of said special tax within the separate school district within the city of Birmingham. The bill also shows the adoption of an ordinance by the city calling for an election on the 6th day of May, 1918, to submit to the qualified voters of the city of Birmingham the question whether or not the commissioners should issue bonds in the sum of $1,000,000 for school purposes, maturing $50,000 five years from the date of issuance and $50,000 each year thereafter until said bonds were paid. The bill also shows the submission of this question to the voters of the city of Birmingham and a favorable vote thereon.

The bill alleges further that the election was for a double or joint purpose, a part of a single scheme or method for the purpose of raising the money for school purposes, and that it was entirely likely or probable that one would not have been voted without the other; that is, that the bond would not have been authorized had not the special tax been levied, and that the special tax would not have been levied had not the bonds been authorized, and other things not necessary to be here set out. It is also alleged that while the county of Jefferson is levying and collecting a 3-mill special school tax, and will continue to do so for the remainder of the 10-year period for which the same was voted, there is no certainty that said county will again levy and collect tax for a period sufficient to cover the 25-year levy and collection adopted in the election of May 6, 1918; and the effect will be that should the city of Birmingham carry out its present announced purpose of issuing said bonds in said sum and with the maturities named, there is not provided any lawful or constitutional means for the levying and collecting of such tax in the separate school district of the city of Birmingham after the 10-year period fixed for the county of Jefferson has expired. The bill further makes the question as to the form of ballot provided and used in said election, in that it carries three propositions which are separate and distinct in purpose without affording the voters an opportunity to vote separately upon the purposes or propositions.

The demurrers raised the question discussed in the opinion.

Allen & Fisk, of Birmingham, for appellant. Fred G. Moore, of Birmingham, and John C. Thompson, of New York City, for appellee.

PER CURIAM. [1] The special school tax amendment (article 19) proposed by the Legislature (Acts 1915, p. 107), and adopted by the people at the November election, 1916 (see Seay's Annotated Compilation of the Amendments to the Constitution 1901, pp. 3 and 4), by section 1 authorizes counties to levy a 3-mill tax for educational purposes, under the terms and upon the conditions thereby imposed. Section 2 of said amendment provides for the levy of such a tax by the several school districts of any county, etc. Said section, among other things, says:

"Provided further, that no district tax shall be voted or collected except in such counties as are levying and collecting not less than a three-mill special county school tax."

It appears that prior to the election in question Jefferson county had legally levied a special county school tax under the aforesaid constitutional amendment, and as the Birmingham school district is in said county it had the authority to levy a special school tax. The county levy, however, was for 10 years only, while the district levy is for 25 years, and the question that arises is, Does this discrepancy as to length of time nullify the levy of the district tax? It is manifest that the amendment, by section 2, only intended to give a school district the right and authority to, in effect, follow in the footsteps of the county, and that the levy as to duration should be co-ordinate with, and not in excess of, the county levy. It is not the purpose or intent of the amendment to authorize a district to levy this special tax for an indeterminate or excessive period, simply because the county had made a levy for some short period. The district had no right to anticipate or speculate that the county would, upon the expiration of 10 years, renew the levy for 15 more years in order to save its excessive and unauthorized levy, but which could not cure the present defect, should the county attempt to do so in the future.

[2] It is suggested that, notwithstanding the levy may be invalid for 25 years, it could have been validly made for 10 years, and that the excess should have been stricken and not the entire levy. This rule has been applied when dealing with certain contracts when they were otherwise valid but merely exceeded the lawful limit of duration. Mobile Electric Co. v. Mobile, 79 South. 39, L. R. A. 1918F, 667,[1] and cases there cited. But this rule cannot be applied to the question at issue, as it would be a violent assumption on our part to hold that the voters of the district, in voting for a 25-year levy in order to procure certain educational purposes and providing for the issuance of a certain amount and denomination of bonds, would have adopted same had it provided a levy for only 10 years, in order to effectuate the purpose they had in view. To uphold the levy for ten years would fasten upon the district an entirely different proposition from the one submitted to and adopted by the voters. How can this or any other court consistently hold that the voters of the district would have adopted only a 10-year levy to accomplish the purposes desired, simply because they were willing to adopt a 25-year levy for said purpose?

The trial court erred in sustaining the respondent's demurrer to the bill of complaint, and the decree is reversed and one is here rendered overruling same, and the cause is remanded.

Reversed, rendered, and remanded.

All the Justices concur.