(101 South. 462)

## CITY OF FLORENCE v. STATE ex rel. BURTWELL. (8 Div. 656.)

(Supreme Court of Alabama. June 19, 1924. Rehearing Denied Oct. 9, 1924.)

**1. Municipal corporations ⊸956(4)—Election contest held properly filed with probate judge.**

Where constitutional amendment, under Gen. Acts 1919, p. 899, provided that elections thereunder should be contested as municipal bond issues were contested, which were governed by Code 1907, §§ 471, 1427, contest of special election was properly filed with probate judge, notwithstanding Acts 1911, p. 195, placing jurisdiction in circuit court.

**2. Constitutional law ⊸46(3) — Validity of constitutional amendment not proper ground of election contest.**

Alleged invalidity of constitutional amendment under which election was held is not proper ground of contest.

**3. Municipal corporations ⊸956(4)—Ballot at special tax election held not invalid.**

Ballot in special election, under constitutional amendment provided for by Gen. Acts 1919, p. 899, not submitting question of authorizing city to collect excess tax of one-half of 1 per cent. for any particular number of years, but only for named tax year, and each year thereafter, *held* not to contravene amendment, and not illegal.

**4. Municipal corporations ⊸956(4)—Election board held authorized to canvass ballots.**

Under Code 1907, § 1166, requiring inspectors in municipal elections, to inclose ballots with poll list and certificates of result in box furnished, and in return made in one or two boxes thereof there were no certificates, canvassing board acted within line of their author-

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 3.

ity in canvassing whole return by counting ballots and declaring whole result therefrom.

**5. Elections ⚜259 — Malconduct, to vitiate election, must have changed result.**

Under Code 1907, § 456, malconduct of canvassing board, to vitiate elections, must change result, and declaring result which was true result is not ground for contest, because contrary to certificate of inspectors.

Appeal from Probate Court, Lauderdale County; J. I. McClure, Judge.

Contest of election by the State of Alabama, on the relation of James Burtwell, against City of Florence, contestee. From a decree sustaining the contest, contestee appeals. Reversed, rendered, and remanded.

Orlan B. Hill, Jr., and Mitchell & Hughston, all of Florence, for appellant.

G. W. L. Smith, of Brewton, amicus curiæ.

The contest is improperly brought before the probate judge. Acts 1919, p. 899; Code 1907, § 1427; Acts 1911, p. 195. The ballot used was legal in form. Acts 1919, p. 899. Irregularity in the ballot form is not a statutory ground of election contest. Code 1907, § 455; Watters v. Lyons, 188 Ala. 525, 66 South. 436; Sigsbee v. Birmingham, 157 Ala. 418, 47 South. 1037; Black v. Pate, 130 Ala. 514, 30 South. 434; Scheuing v. State, 177 Ala. 162, 59 South. 160; Wade v. Oates, 112 Ala. 325, 20 South. 495. Alleged irregularity in adoption of the amendment is not a statutory ground of election contest. Phillips v. Bynum, 145 Ala. 549, 39 South. 911. There was no malconduct on the part of the canvassing board. Code 1907, §§ 1166, 1167, 1426; Hudmon v. Slaughter, 70 Ala. 546; Oglesby v. Sigman, 58 Miss. 502; Taliaferro v. Lee, 97 Ala. 92, 13 South. 125.

McClellan & Frierson, of Birmingham, for appellee.

The probate judge had jurisdiction to hear and determine the contest. Hutto v. Walker, 185 Ala. 505, 64 South. 313, Ann. Cas. 1916B, 372. The election was void in that the ballot authorized a perpetual levy of the tax, which is not authorized by the amendment. Acts 1919, p. 899; Ensley v. Simpson, 166 Ala. 387, 52 South. 61. The form of ballot prescribed is mandatory. Coleman v. Eutaw, 157 Ala. 327, 47 South. 703; Perry County v. Railroad Co., 58 Ala. 556; Realty Inv. Co. v. Mobile, 181 Ala. 184, 61 South. 248; Smith v. State, 139 Ala. 115, 36 South. 727; Tuskaloosa Bridge Co. v. Olmstead, 41 Ala. 9. This defect in ballot constitutes a valid ground of contest. Goodwin v. Birmingham, 203 Ala. 274, 82 South. 524; Code 1907, § 455(3); Blackwell's Case, 2 Stew. & P. 348; Wilson's Case, 52 Ala. 299; Bush v. Head, 154 Cal. 277, 97 P. 512; A. T. & S. F. v. Jefferson County, 17 Kan. 29; Mizell v. State, 173 Ala. 434, 55

South. 884. A recount of the vote by the city commissioners was a breach of their duty, and unauthorized by law. Code 1907, §§ 455, 1426; Leigh v. State, 69 Ala. 265; Ex parte Shepherd, 172 Ala. 212, 55 South. 627; Hudmon v Slaughter, 70 Ala. 546.

GARDNER, J. [1] This is an appeal from the decree of the probate court of Lauderdale county, sustaining a contest of a special election held on December 10, 1923, in the city of Florence, under a provision of the constitutional amendment provided for by General Acts 1919, p. 899.

The constitutional amendment above referred to provides that elections thereunder shall be contested as municipal bond issues are contested. The latter contests are governed by the same rules as those for the election of justices of the peace. Section 1427, Code 1907. Under section 471, Code of 1907, the contest of the election of a justice of the peace was before the probate judge.

While this manner of contest has been amended by the Acts of 1911, p. 195, so as to place the jurisdiction in the circuit court, yet it is in effect conceded by counsel for appellant that, if the case of Hutto v. Walker County, 185 Ala. 505, 64 South. 313, Ann. Cas. 1916B, 372, be adhered to, the question as to the jurisdiction of the probate court is without merit. In the Hutto Case the court quoted with approval the following general rule, taken from 36 Cyc.:

"As a rule, the adoption of a statute by reference is construed as an adoption of the law as it existed at the time the adopting statute was passed, and therefore is not affected by any subsequent modification or repeal of the statute adopted."

The contest was therefore properly filed with the probate judge.

[2] One of the grounds of the contest questioned the validity of the constitutional amendment, under authority of which the special election was held, insisting that the amendment had not been properly adopted, and was therefore void. It was conceded in argument that, under the authority of Phillips v. Bynum, 145 Ala. 549, 39 South. 911, this was not a proper ground of contest under our statutory system, and therefore that question could not be thus presented for consideration. It is consequently laid out of view.

[3] There were two other grounds of contest, the first being that the ballot form provided a levy for a longer period than was authorized by the constitutional amendment, and the second that the canvassing board declared the result of the election according to their count of the ballots, and not according to the certificates of the inspectors. It is insisted by counsel for appellee that the first

ground, above stated, came within subdivision 3, § 455, Code 1907, which is the statutory ground of contest, on account of illegal votes, and that the second ground above stated constituted malconduct on the part of the board of supervisors, within subdivision 1 of said section 455—citing Ex parte Shepherd, 172 Ala. 205, 55 South. 627. While, on the other hand, counsel for appellant insist that these grounds do not come within the statutory grounds of contest, and that the court is without authority to try any ground, except those specified in the statute, citing in support thereof Black v. Pate, 130 Ala. 514, 30 South. 434; Hilliard v. Brown, 97 Ala. 92, 13 South. 125; Watters v. Lyons, 188 Ala. 525, 66 South. 436; Phillips v. Bynum, supra; Sigsbee v. City of Birmingham, 157 Ala. 418, 47 South. 1036; Wade v. Oates, 112 Ala. 330, 20 South. 495.

In view of the conclusion which we have reached, however, we pretermit a consideration of all preliminary questions, preferring to rest our decision upon the meritorious questions here sought to be reviewed.

We will first consider the ground, "on account of the illegal votes." This rests upon the insistence that the ballot was an illegal ballot; it was as follows:

"Official Ballot.
"Special Election, Florence, Ala.,
December 10, 1923.

"Shall the city of Florence, Alabama, be authorized to levy and collect an excess rate of taxation of one-half of one per centum for the tax year beginning October 1st, 1924, and for each year thereafter, said tax to be used only for the purpose of supporting and operating the public schools of the city of Florence.

"Mark a cross mark before or after the proposition you vote for (X).

| | |
|---|---|
| For one-half of one per centum excess rate of taxation for the year 1924 and for each year thereafter. | |
| Against one-half of one per centum excess rate of taxation for the year 1924 and for each year thereafter." | |

The constitutional amendment under which this election was held authorized additional levies of taxation for bonds and other purposes, not necessary to here mention, without the necessity of an election, and made a further provision that a majority of the qualified electors in any of said municipal corporations, voting at an election called for that purpose, may vote a special tax not to exceed one-half of 1 per cent. in any one year for any special purpose or purposes, which tax shall be used only for the purpose or purposes for which the same is levied and collected. The amendment further provides as follows:

"The ballots used at such election shall contain the words: 'For —— excess rate of taxation for the year (or years) ——;' and 'against —— excess rate of taxation for the year (or years) ——.' The rate of taxation proposed in excess of the rate of one (1) per centum to be shown in the blank space provided therefor and the year or years in which the proposed rate is to apply to be shown in the blank space provided therefor; and in the event different excess rates are proposed for different years the words mentioned shall be repeated as often as may be necessary to show separately the different rates proposed to be applied to the respective years."

The ballot used in the instant case does not specify any particular number of years, but only for the tax year beginning October 1, 1924, and for each year thereafter. Counsel for appellee insists that the failure of this ballot to specify a given number of years renders it illegal.

It is to be noted that this special election may be called for the authorization of an excess rate of taxation for more than one purpose. If the authority of the taxing power was to be limited, for either purpose, to a certain number of years, then it was essential that the number of years be specified in the ballot. Such was the effect of the holding of this court in Goodwin v. City of Birmingham, 203 Ala. 274, 82 South. 524. In that case, however, there was an express limitation upon the tax. There the district tax levy was held restricted to the number of years of the county levy, and it was held that an election authorizing a levy for a period in excess of this limitation was invalid.

The amendment here under consideration contains no limitation as to the number of years. It is not a levy of a tax, but a mere grant of authority to the taxing power of the city to levy the tax, if they see proper to do so. A vote in favor of the excess tax under the ballot here in question was not in itself a levy of tax in perpetuity, but was a grant of authority to the taxing power of the city to levy the tax from year to year, so long as they saw fit and deemed it wise and necessary. The words "year or years" in the form of ballot set out in the amendment have full field of operation in those instances, where the electors are to limit the period of time for which the tax is authorized, and especially where the tax levied is to be authorized for different purposes, and, perhaps, for different periods of time. In the absence, however, of any restrictive language in this amendment, we are of the opinion the form of ballot authorizing the levy of this tax for the year 1924, and each year thereafter, does not contravene said amendment, and is not illegal.

[4] The next ground, the malconduct of the board of supervisors, rests upon the insistence that this board went behind the returns made by the inspectors at the election, counted the ballots, and declared a result contrary to that declared by the inspectors. Appellee insists this was beyond the board's authority, under the case of Leigh v. State,

69 Ala. 261, as well, also, Hudmon v. Slaughter, 70 Ala. 546. In the Leigh Case, the court was discussing the general election law of the state, where the ballots are not delivered to the canvassing board as a part of the returns, but sealed in a separate box. In municipal elections the inspectors are required to inclose the ballots cast in their respective wards with the poll lists, together with their certificates of the result, in the box furnished them for that purpose, which box, after being sealed, is to be delivered with its contents to the returning officer, and shall be immediately delivered by him to the clerk. Section 1166, Code 1907. The canvassing board then proceeds, under the following section, to open the box and canvass the returns. The return, in the case of municipal election, consists, as aforesaid, of ballots cast, the poll list, and the certificate of the result.

In these municipal elections, therefore, we think it very clearly appears that it is the duty of the canvassing board to canvass the entire return, i. e., the certificates, the ballots and the poll list, and declare the results therefrom. That is what was done by the convassing board in the instant case. While the question does not appear to have been directly presented in this state, we are cited by counsel for appellant to the case of Oglesby v. Sigman, 58 Miss. 502, which sustains the conclusion we have here reached in construing language of similar import.

It appears without conflict that in one or two of the boxes there were in fact no certificates, but merely a memorandum as to the vote. We are of the opinion the canvassing board, in the instant case, were acting within the line of their authority in canvassing the whole return by counting the ballot and declaring the result therefrom. The case of Hudmon v. Slaughter, supra, concerned a construction of the language contained in the charter for the city of Opelika, and is without material bearing in the instant case.

[5] We are persuaded there is still another answer to this ground of contest. Assimilating the provisions of section 456 of the Code of 1907 to an election of this character, manifestly, the malconduct complained of must have been such as to change the true result. Brunson v. Dobbs, 202 Ala. 603, 81 South. 545. This is not alleged. It is merely averred that the result declared was untrue, according to the returns made by the inspectors. It thus appears that it is not charged that the result declared by the canvassing board was an untrue result, but only that it is untrue according to the certificate made by the inspector. If the result declared by the canvassing board was the true result, notwithstanding it differed from the result shown by the certificate of the inspectors, we think it clear that this ground of contest must fail. The demurrer thereto should have been sustained.

The court below improperly overruled the demurrer to these grounds of contest, as well as to those questioning the sufficiency of the ballots. The decree will be reversed, and one here rendered sustaining the demurrer, and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.