**FENDLEY et al. v. BOARD OF EDUCATION OF OLDHAM COUNTY SCHOOL DIST.**

Court of Appeals of Kentucky.
June 22, 1951.

ing the levy of a special school tax in Oldham County. The Chancellor upheld the proceedings, but limited to 30 years the time within which the increased rate could be effective.

In October 1950 the Board of Education of Oldham County adopted a resolution requesting that County's Fiscal Court to submit to the voters an increased special school building tax rate. The Fiscal Court followed this recommendation and called an election for November 7, 1950. The question submitted on the ballots, and answered in the affirmative by a majority of voters, was as follows: "Are you for or against the levying of a Special School Building Tax Rate of not less than five (5) cents nor more than thirty-nine (39) cents on each $100.00 of property subject to local taxation for the purpose of the purchase or the lease of school sites and buildings, etc."

Two questions are raised concerning the validity of this newly established tax rate: (1) was it proper to specify a minimum and maximum rate rather than a specific one; and (2) should the question presented to the voters have specified the duration of the increased authorization?

The statute involved is KRS 160.477. Section (1) (a) reads in part as follows: "Upon request of the board of education of any school district, the tax levying authority of the district shall adopt an ordinance or resolution submitting to the qualified voters of the district, the question as to whether a special school building tax rate of not less than five cents nor more than fifty cents as requested by the board shall be levied on each one hundred dollars of property subject to local taxation."

Section (1) (c) provides: "If a majority of those voting on the question favor the special school building tax levy, the tax levying authority shall when the next tax rate for the district is fixed levy the special rate specified by the board of education of the school district for the school building fund in addition to the levy provided by KRS 160.475."

It will be noted that the statute is not clear as to whether or not a special tax rate

Joseph R. Rubin, Franklin P. Hays and Skaggs, Hays & Fahey, all of Louisville, for appellant.

James A. Hall, Jr., LaGrange, for appellee.

CLAY, Commissioner.

This is a declaratory judgment action testing the validity of an election authoriz-

shall be specified between the minimum and the maximum, and nothing in the statute says anything about the length of time the increased levy shall be authorized.

■ (1) In Eakins v. Eakins, 20 S.W. 285, 14 Ky.Law Rep. 562, the question was presented as to whether or not a similar statute authorized school district trustees to submit to voters the question of increasing taxation to an allowable maximum. The question presented on the ballot did not specify a particular rate, and we upheld this election because the trustees were authorized by statute to fix a specific rate for the following year. We believe that decision is sound, and it was referred to in Folks v. Barren County, 313 Ky. 515, 232 S.W.2d 1010, wherein we discussed the question but found it unnecessary to decide. It seems to us that presenting to the voters a maximum rate asked for their approval of any rate, though later fixed, up to and including the maximum. Therefore, the question presented to the voters in this case was not improper because it failed to specify a particular rate which the school board is authorized to fix annually under KRS 160.470.

(2) In Folks v. Barren County, above cited, we decided that the statute must contemplate a continuing annual levy to meet the purposes for which the increased taxes were authorized. However, in that case we said that the Legislature did not appear to have intended that the increase was to be a perpetual tax. The Chancellor in the instant case took the view that, considering the fact that this special tax levy may provide funds to amortize revenue bonds issued pursuant to KRS 162.120 to 300, and since KRS 162.180 provides that revenue bonds shall mature within a period of 30 years, the special tax approved in this case might be levied only for that period of time.

■■ We do not think the authority to levy the tax is so limited. The question submitted to the voters did not restrict the tax to the liquidation of revenue bonds. It expressly encompassed all of the purposes set forth in KRS 160.477(1) (a), which included the purchase and leasing of school sites and buildings, the erection and equipping of existing buildings, and "financing any program for the acquisition, improvement, or building of schools." Thus the increased tax was to cover the broadest possible building program, and it was not limited to any particular project. Therefore the voters were put on notice that they were asked to approve such increase as might be necessary to carry out effective school plans for an indefinite number of years to come.

In Gibson v. Anderson, 170 Ky. 664, 186 S.W. 497, a similar tax had been approved to provide for the building of a particular school house in the village of Crestwood. It was held that this additional tax could be levied only so long as it was necessary to pay for this school building. The opinion goes on to state, however, that boards of education have large discretionary powers, and that if the Board wished the increased tax for a continuing purpose, that question could be submitted to the voters.

In City of Florence v. State ex rel. Burtwell, 211 Ala. 617, 101 So. 462, the Court upheld a tax authorization of indefinite duration similar to the one we have here. The Court stated, 101 So. at page 464: "The amendment here under consideration contains no limitation as to the number of years. It is not a levy of a tax, but a mere grant of authority to the taxing power of the city to levy the tax, if they see proper to do so. A vote in favor of the excess tax under the ballot here in question was not in itself a levy of tax in perpetuity, but was a grant of authority to the taxing power of the city to levy the tax from year to year, so long as they saw fit and deemed it wise and necessary."

We think the question submitted to the voters in the present case likewise informed them that an increased tax might be levied so long as the Oldham County Board of Education deemed it necessary and proper in carrying out a broad school building program. The tax is not automatic, and the voters have only authorized an increased levy when in the discretion of the Board it appears expedient for the betterment of the school system.

We therefore conclude the question submitted did not violate the provisions of the statute; and the approval of the voters authorized the increase, where necessary and proper, without limitation as to time. The judgment appealed from was correct in all·respects with the exception of the 30 year limitation upon the right to levy the special tax.

The judgment is reversed, with directions to modify it in conformity with this opinion.