Henry D. HOPSON, Individually and as Citizen and Taxpayer of Louisville Independent School District, etc., et al., Appellant,

v.

BOARD OF EDUCATION OF LOUISVILLE, Kentucky, Appellee.

Court of Appeals of Kentucky.

June 24, 1955.

Franklin P. Hays, Skaggs, Hays & Fahey, Louisville, for appellant.

William T. Baskett, William H. Crutcher, Jr., Louisville, for appellee.

CULLEN, Commissioner.

The Board of Education of the City of Louisville Independent School District adopted a resolution, pursuant to KRS 157.440, 1954 Supplement, requesting the board of aldermen of the city to submit to the voters of the district the question of whether or not an additional school tax, above the regular statutory maximum, should be levied. Henry P. Hopson, individually and as a representative of other citizens and taxpayers, brought suit questioning the validity of the proposal. The court upheld the proposal and Hopson has appealed.

For a number of years the regular school tax rate has been limited to a maximum of $1.50 per hundred dollars of assessed value. KRS 160.475. In 1954, as a part of an Act designed to provide the basis for a maximum foundation program for the common schools, the General Assembly enacted KRS 157.440, which provides, in part:

"* * * any * * * district may exceed * * * the maximum levy provided by KRS 160.475 provided that, upon request of the board, the tax levying authority of the district shall adopt an ordinance or resolution submitting to the qualified voters of the district * * * the question as to whether a rate of more than one dollar and fifty cents * * * shall be levied. If a majority of those voting on the question favor the increased rate, the tax levying authority shall, when the next tax rate for the district is fixed, levy the rate requested by the board not to exceed the rate authorized by the voters."

The additional rate authorized by this statute is for general school purposes.

The resolution adopted by the Louisville Board of Education provided for submission of the simple question of whether or not an additional tax, not exceeding a rate of 50 cents per hundred dollars of assessed value, should be levied.

The appellant asserts that the proposal is invalid for the following reasons:

1. It does not fix a specific rate of tax.

2. It does not provide a minimum rate.

3. It does not limit the number of years for which the additional tax may be levied.

4. The statute is unconstitutional because its provisions were not expressed in the title of the 1954 Act by which it was enacted.

In Fendley v. Board of Education of Oldham County School District, Ky., 240 S.W.2d 837, various questions were presented concerning the validity of a proposal for an election on the question of levying a special school building fund tax, under KRS 160.477, which authorized a tax of not less than five cents nor more than 50 cents per hundred for building purposes. The proposal there was to levy a tax of not less than five cents nor more than thirty-nine cents, with no time limitation. This Court held that it was not necessary to fix a specific rate in the proposal, and that the fixing of a maximum rate was sufficient. The Court further held that there was no necessity to fix a time limit on the tax, and that the tax could be levied for an unlimited number of years, within the discretion of the board of education.

We think the Fendley case answers the objections made here concerning the failure of the proposal to fix a specific tax rate and to limit the number of years for which the tax may be levied. It is contended that there is such a difference in the provisions of KRS 160.477 and 157.440 as to make the Fendley case inapplicable, but we find no substantial difference in the two statutes as affects the questions under con-

sideration. With respect to the matter of fixing a specific rate, KRS 157.440 makes it clear that only a maximum rate need be specified in the proposition submitted to the voters, because the last phrase of the statute provides that the tax levying authority shall levy the rate requested by the board "not to exceed the rate authorized by the voters."

The contention that the proposal should have fixed a minimum rate of five cents per hundred seems to be based on the idea that KRS 157.440, in providing that the question shall be submitted to the voters "in the manner of submitting and voting as prescribed in subsection (1) of KRS 160.-477," has adopted by reference the five-cent minimum prescribed in KRS 160.477. This argument has no merit, because it is obvious that the only part of KRS 160.477 that has been adopted is the submission and voting *procedure*.

The title of the 1954 Act is as follows:

"An Act relating to public school education: to provide for the establishment, operation, and financing of a foundation program for the public schools in the Commonwealth of Kentucky and for the apportionment, distribution, and use of the public school foundation program fund." Acts 1954, c. 214.

This title adequately expresses a general subject, and any provision in the Act that is germane to or reasonably embraced within that general subject must be considered to be within the scope of the notice of subject given by the title. Talbott v. Laffoon, 257 Ky. 773, 79 S.W.2d 244.

The title here gives notice that the Act contains provisions concerning the establishment, operation and *financing* of a foundation program for the public schools. There is nothing about the title to suggest or imply that the financing is all to come through state appropriations. On the contrary, in view of the history of school financing, and particularly the emphasis

placed in recent years upon the local tax effort, we think it would reasonably be assumed from the title that the Act included provisions concerning local taxes. It is our opinion that the title adequately embraced the provisions of KRS 157.440.

The judgment is affirmed.