## Lyon *v.* Dunn.

*Election law—Appeals—Acts of May·19, 1874, P. L. 209, sec. 6, and June 12, 1878, P. L. 204.*

Contests of elections are wholly statutory, and no appeal lies from the judgment of the trial court unless expressly authorized.

In an election contest instituted by petition of electors to the attorney general, and the appointment of a special court under section 6 of the act of May 19, 1874, no appeal lies except where a constitutional question is involved, when the case may be appealed under the act of June 12, 1878.

An appeal in such a case will be quashed where it appears that the rules applied by the court below, in so far as they involved constitutional questions, were in favor of the appellant. Whether the rules laid down were applied correctly to the case of each particular vote offered or challenged did not raise any constitutional question, but merely one of fact.

Under the act of June 12, 1878, what the Supreme Court is authorized to review is the soundness of the law as declared by the court below to have been their guide in reaching a decision.

Argued Feb. 13, 1900. Appeal, No. 332, Jan. T., 1899, by contestant, from decree of Special Court, Schuylkill Co., as of C. P. Jan. T., 1896, No. 262, in election contest of Thomas H. B. Lyon v. P. M. Dunn. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Appeal quashed.

Election contest before special court.
Motion to quash appeal.

*W. P. Ramsay* and *T. H. B. Lyon*, with them *James Ryon*, for appellant.

*A. W. Schalck*, with him *W. J. Whitehouse* and *John F. Whalen*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, May 21, 1900:

This is an appeal from the judgment of a special court of common pleas for the county of Schuylkill, commissioned for the trial of a contested election to the office of president judge of the orphans' court of Schuylkill county.

The only question now before us is the right of appeal raised by a motion to quash.

Contests of elections are wholly statutory and no appeal lies from the judgment of the trial court, unless expressly authorized. The present contest was instituted by petition of certain electors to the attorney general and the appointment of a special court, under section 6 of the Act of May 19, 1874, P. L. 209. No appeal was given by that act. On the contrary the plain intent was to have a speedy trial and terminate the controversy by a judgment on the merits which should be final: Carpenter's Case, 14 Pa. 486 ; Election Cases, 65 Pa. 20, 29.

By section 1 of the Act of June 12, 1878, P. L. 204, however, an appeal was allowed to the Supreme Court from the special tribunal trying a contested election of a judge required to be learned in the law, "if the trial and determination of such election contest shall involve the true construction of any provision of the constitution, or if the decision shall depend on any question arising upon the constitution." No such question is presented on this record. So far as any questions of law are concerned which might be supposed to involve constitutional points, it is sufficient to say that the rulings of the court were in favor of the contestant, and therefore so far as regards his appeal they must be assumed to be correct. Whether the rules laid down were applied correctly to the case of each particular vote offered or challenged, does not raise any constitutional question but merely one of fact. What this court is authorized to review is the soundness of the law as declared by the court below to have been their guide in reaching a decision. It was not intended to have a review of the judgment of that court on the weight of evidence or the facts established by it, on each particular item or vote contested, any more than we review the conclusions of the jury or a master or a court on similar findings of fact in cases coming up under our ordinary appellate jurisdiction.

There being no constitutional question involved, and no appeal allowed upon any other ground this appeal was without authority and must be quashed.

Appeal quashed.