(96 South. 869)

## MAY v. HEAD. (4 Div. 48.)

(Supreme Court of Alabama. June 14, 1923.
Rehearing Denied June 30, 1923.)

**1. Elections ☞305(1)—No appeal authorized in contest of election to city or town office.**

Code 1907, § 1168, providing that election to city or town office may be contested on same grounds and in same manner as provided for contesting elections for probate judge, so far as applicable, in connection with sections 470, 471, and section 476 does not authorize appeal in such contests.

**2. Constitutional law ☞70(3)—Court cannot amend statute to supply omission.**

As Code 1907, § 476, providing for appeals in election contests, makes no provision for appeal in contests involving city or town officers, the court has no authority to amend it, to supply what it thinks the Legislature should have done or might have done, had its attention been called to the omission.

**3. Elections ☞305(1)—No appeal in contest, unless authorized by statute.**

The whole subject of contested elections is of statutory origin, and, if statute does not expressly authorize appeal, no appeal lies.

**4. Statutes ☞181(1)—Court can only look for intention in legislative language.**

The court has no authority to look for legislative intention in anything but the legislative language, and, while that language may be explained, it cannot be detracted from or added to.

Appeal from Circuit Court, Crenshaw County; Arthur E. Gamble, Judge.

Contest by B. W. Head of the election of S. W. May. From a judgment sustaining the contest, contestee appeals. Appeal dismissed.

James J. Mayfield, of Montgomery, and Ira B. Thompson, of Luverne, for appellant.

An appeal lies from the judgment on contest of the circuit court to the Supreme Court. Code 1907, § 2837; Brunson v. Dobbs, 202 Ala. 603, 81 South. 545.

Powell & Hamilton, of Greenville, for appellee.

Section 476 of the Code of 1907 is the only statute authorizing an appeal in contested election cases. Since this section does not provide for an appeal in the contest of a town election, no appeal lies from a judgment in such a case. Acts 1911, p. 195; Scheuing v. State, 177 Ala. 162, 59 South. 160; Pearson v. Alverson, 160 Ala. 265, 49 South. 756; French v. Lighty, 9 Ind. 475; Rice v. DeBuys, 5 La. Ann. 398; State v. Commissioners, 31 Ohio St. 451; Stearns v. Wyoming, 53 Ohio St. 352, 41 N. E. 578; Lyon v. Dunn, 196 Pa. 90, 46 Atl. 384; O'Docherty v. Archer, 9 Tex. 295; Gibson v. Templeton, 62 Tex. 555; Rogers v. Johns, 42 Tex. 339; Arellano v. Chacon, 1 N. M. 269.

SAYRE, J. Appellee contested the election—which had been declared by the officers in charge—of appellant to the office of mayor of the town of Brantley. At the hearing in the circuit court the contest was sustained, and appellee's right to the office adjudged, after which this appeal.

[1] Appellee moves the court to dismiss the appeal, and our judgment is that the motion should be granted.

Section 470 of the Code of 1907 provided for the contest of an election to the office of the judge of probate. Such contests were to be had in the circuit court. Contests of elections to the office of "justice of the peace, constable, or any office filled by the vote of a single county" were, by section 471, to be tried in the probate court. Appeals in cases of contested elections were provided for in the Code of 1907 by section 476, which reproduced in terms section 1702 of the Code of 1896, as follows:

"In all contested elections before the judge of the probate court an appeal lies to the Supreme Court within five days after the rendition of the judgment. From the judgment or decree of the chancellor on the contest of an election of the judge of the circuit court, an appeal lies to the Supreme Court which must be taken within five days after the rendition of decree or judgment. From the judgment of the circuit court on the contest of an election of a chancellor or of a judge of probate, an appeal lies to the Supreme Court within five days after the rendition of the judgment."

Prior to the Code of 1907, there was no provision by statute for contesting the elections of officers of cities and towns. Ham v. State ex rel. Buck, 156 Ala. 654, 47 South. 126. Of course, then, section 476, when it was written, had nothing to do with cases in which the election to city or town offices were contested. The Code of 1907 undertook to correct the situation shown by the absence of any provision for the contest of election in the case of city or town officers by the introduction of section 1168, as follows:

"The election of any person to a city or town office may be contested upon the same grounds and in the same manner provided for contesting elections for judge of probate, so far as applicable."

Appellant's contention is that by the last quoted section the Legislature disclosed its intent to provide for appeals in cases of contests of election of city and town officers. We find in it nothing more than a regulation of the grounds and manner of contests in such cases as in case an election for judge of probate is contested, such grounds and manner of contests being provided by sections of the Code other than 476. It has been observed that, by section 476:

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"From the judgment of the circuit court on the contest of an election of a chancellor or of a judge of probate, an appeal lies," etc.

[2-4] Now, section 470 of the Code, by the act of April 5, 1911 (Acts 1911, p. 195), transfers the contests of elections of the "office of judge of the probate court, sheriff, tax assessor, tax collector, county treasurer, or clerk of the circuit court, or any other office filled by the vote of a single county or any subdivision thereof, or any office of a city or town" to the circuit court, but makes no provision for an appeal. Section 476 is the whole law of appeals in contested elections. It makes no provision for appeals in the case of city or town officers and the court has no authority to amend the section, so as to make it express what we may conceive the Legislature should have done or would have done, had its attention been called to the state in which the law was being left. The whole subject of contested elections is of statutory origin. Scheuing v. State, 177 Ala. 164, 59 South. 160. If the statute does not expressly authorize an appeal, no appeal will lie. French v. Lighty, 9 Ind. 475; Lyon v. Dunn, 196 Pa. 90, 46 Atl. 384; State v. Commissioners, 31 Ohio St. 455. The court has no authority to look for the legislative intention in anything but the legislative language; that language may be explained; it cannot be detracted from or added to. The office of interpretation is not to improve the statute; it is to expound it; and the court knows nothing of the intention of an act, except from the words in which it is expressed, applied to the facts existing at the time. Endlich on Interp. of Stat. §§ 7, 8.

The question here considered was not raised in Brunson v. Dobbs, 202 Ala. 603, 81 South. 545, and nothing was said on this point, and, of course, that case is not an authority in the premises.

Let the appeal be dismissed.

All the Justices concur.