370 So.2d 1369 (1979)
Robert E. LEWIS, District Judge, etc., et al.
v.
Robert HITT, Chairman, etc.
78-117.
Supreme Court of Alabama.
May 11, 1979.
Released for Publication May 30, 1979.
Charles A. Graddick, Atty. Gen. and Rosa G. Hamlett, Asst. Atty. Gen., State of Alabama, for appellants.
Michael L. Roberts of Floyd, Keener & Cusimano, Gadsden, for appellee.
James W. Webb and Dan E. Schmaeling, Montgomery, for Amicus Curiae, Ass'n of County Commissions of Alabama.
BEATTY, Justice.
This is an appeal from an order by the Etowah County Circuit Court granting plaintiff both declaratory and injunctive relief. We reverse and remand.
*1370 Defendants are Etowah County District Judge Robert E. Lewis and the State of Alabama; plaintiff is the Chairman of the Etowah County Commission. Plaintiff's action for declaratory judgment was predicated on his claim that Code of Ala.1975, § 12-15-10 which deals with county liability for the payment of certain expenses in juvenile proceedings is unclear as written. Specifically, plaintiff contends that § 12-15-10 does not require the individual counties to compensate attorneys appointed to defend indigent juveniles; on the contrary, he maintains that certain provisions of Title 15, Chapter 12, Code of Ala.1975 confer responsibility for such compensation upon the State.
At trial the plaintiff moved for judgment on the pleadings and the cause was submitted on briefs. In granting plaintiff's motion the court found that: (1) Code of Ala.1975, § 12-15-10 "plainly does not require the County to pay [attorney fees of indigent juvenile defendants]," and (2) Section 15-12-6, in conjunction with §§ 15-121(1) and 15-12-21 requires the State to pay the fees. Accordingly, the court enjoined defendants from enforcing § 12-15-10 against plaintiff insofar as the statute deals with the payment of attorney fees in indigent juvenile cases. The court further decreed that pursuant to the mandate of § 15-12-6, the State is responsible for compensating court-appointed counsel in such cases. That judgment has been stayed by the trial court pending the outcome of this appeal.
Section 12-15-10 appears in Code of Ala. 1975 in the following form:
All expenses necessary or appropriate to the carrying out of the purposes and intent of this chapter and all expenses of maintenance and care of children that may be incurred by order of the court in carrying out the provisions and intent of this chapter, except costs paid by parents, guardians or trustees, court costs as provided by law and attorney fees shall be valid charges and preferred claims against the county and shall be paid by the county treasurer when itemized and sworn to by the creditor or other persons knowing the facts in the case and approved by the court.
However, the pertinent part of the legislative Act from which § 12-15-10 is derived provides:
[A]ll expenses of maintenance and care of children that may be incurred by order of the court in carrying out the provisions and intent of this article (except costs paid by parents, guardian or trustee), court costs as provided by law and attorney fees shall be valid charges and preferred claims against the county and shall be paid by the county treasurer . . . (emphasis added) [Act No. 1205, Acts of Alabama 1975, § 5-139(a), p. 2440.]
The primary question for our consideration is therefore the effect, if any, of the discrepancy between the statute as it was enacted and the present version as it appears in the Code. Specifically, did the omission in the 1975 Code of the parentheses enclosing the exception to the general rule of county liability for certain expenses incurred by juveniles indicate a legislative intent that the separate counties should not be responsible for the payment of attorney fees in indigent juvenile cases? We hold that it did not.
The plaintiff contends in essence that, when the legislature adopted the 1975 Code, it amended Act No. 1205, § 5-139(a) in order to clarify the question of responsibility for compensating attorneys appointed to represent indigent juvenile defendants. Plaintiff does not, however, refer us to any specific Act amending § 5-139(a), nor has our own research disclosed any such legislation.
In interpreting the provisions of a statute, we are required to ascertain the intent of the legislature and to effectuate that intent. E. g., Wright v. Turner, Ala., 351 So.2d 1 (1977). An existing statute which has been incorporated into a Code in a somewhat altered form is presumed to be incorporated without substantive change unless the legislature clearly intended to alter the statute's operation by means of the modifications made. See 2A Sutherland *1371 Statutory Construction § 28.10 (4th ed. Sands 1972). As this Court stated in Smith v. Birmingham Realty Co., 208 Ala. 114, 94 So. 117 (1922): "the legislative intent to change its [an enacted statute's] operation and effect by Code revision must be made to appear clearly before a change can be adjudged by the court." More recently in Rodgers v. Meredith, 274 Ala. 179, 146 So.2d 308 (1962), we elaborated upon that principle quoting from East Tenn. V. & G. R. R. Co. v. Hughes, 76 Ala. 590, 592 (1884):
"When the effect of condensing, embodying and arranging statutes in a Code, is to create ambiguity or doubt as to their proper construction, the court will refer to, and consult the original acts, in connection with their history, and also of the sections proximate in arrangement, with which they are supposed to be correlative, in order to ascertain the legislative intent.. . . Unless the alteration of the original act is of such character as to manifest a clear intent to make a change in the construction and operation, effect will be given to the statute as originally framed by the General Assembly. . ."
In this instance the 1975 codification of § 5-139(a) of Act No. 1205, 1975 Reg.Sess., obviously raises a question concerning the proper operation of the statute, and we have referred to the original Act and the Code sections proximate to it "in order to ascertain the legislative intent." Ibid. Section 5-139(a) as it was originally enacted is clear: in juvenile proceedings, the fees charged by court-appointed attorneys are expenses that are "valid charges and preferred claims against the county . . ." This is so unless "the parents or other persons legally obligated to care for and support the child," are found by the court to be financially able to pay the fees under Code of Ala.1975, § 12-15-11 (originally Act No. 1205, § 5-139(b), 1975 Reg.Sess.).
The plaintiff contends that the trial court was correct in ruling that § 15-12-6 of the Code is controlling on the issue of liability for payment of attorney fees in indigent juvenile cases, and that § 15-12-6 clearly provides that the State is responsible for payment of the fees in such cases. But it should be noted that Title 15 (of which § 15-12-6 is a part) deals generally with criminal procedure. Title 12 (of which § 12-15-10 is a part) deals with juvenile proceedings. Juvenile proceedings cannot be classified as criminal in nature even though a child taken into custody has essentially the same rights as an adult who is arrested.
Additionally, § 15-12-6 is not a self-executing provision:
Compensation of counsel appointed to represent indigent defendants shall be paid by the state in such amounts as otherwise provided by law. The procedure for approval and payment for such services shall be as provided by law or rule as may be promulgated by the supreme court.
Although an indigent defendant in a juvenile proceeding is encompassed by the term "indigent defendant" as it is defined in § 15-12-1(1), nevertheless § 15-12-6 plainly mandates that before the State is required to compensate appointed counsel the amount of compensation must be "provided by law." Further, the second sentence of § 15-12-6 conditions payment by the State on the establishment of a procedure for approval and payment either by the legislature or by this Court. Neither an amount to be paid nor a procedure for its approval and payment has been put forth by the legislature or by this Court.
The plaintiff maintains, however, that the provisions of §§ 15-12-20 through 15-12-23 "make extensive and well-defined provisions for the amounts as well as the procedure for approval and payment." That contention is not well-taken, however, for those sections deal only with criminal cases and criminal defendants. Section 15-12-20 begins "In all criminal cases . . . when a defendant is entitled to counsel. . ." (emphasis added); Section 15-12-21(b), dealing with compensation of appointed trial counsel, begins "Counsel appointed in such cases . . ." (referring to § 15-12-20) (emphasis added); and *1372 §§ 15-12-22(c) and 15-12-23(c)(d) are cast in similar terms. In all cases, the statutes deal only with compensation of counsel appointed to defend persons charged with crimes. As a result, we are unable to require the State to pay attorney fees in indigent juvenile proceedings until such a time as the legislature first establishes the amounts that may be paid. It is axiomatic that this Court's function is to determine the intent of the legislature as it is expressed by virtue of the language and in its enactments. The purpose of interpretation is not to improve a statute but rather to expound it; and when the language used expresses the legislative intent, that intent must be given effect. Alabama Industrial Bank v. State, 286 Ala. 59, 237 So.2d 108 (1970). It is our opinion that the legislature clearly intended for the provision regarding State compensation of appointed attorneys to apply only in criminal cases; the language utilized in §§ 15-12-20 through 15-12-23 leads to no other reasonable conclusion.
We hold that the individual counties are responsible for the payment of attorney fees incurred by indigent defendants in juvenile proceedings under Code of Ala.1975, § 12-15-10. The judgment and decree of the Etowah County Circuit Court is, accordingly, reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.
MADDOX, J., dissents.
TORBERT, C. J., not sitting.
MADDOX, Justice (dissenting).
I respectfully dissent.
Code 1975, § 15-12-6 provides:
"Compensation of counsel appointed to represent indigent defendants shall be paid by the state in such amounts as otherwise provided by law. The procedure for approval and payment for such services shall be as provided by law or rule as may be promulgated by the supreme court."
Code 1975, § 15-12-1(1) defines "indigent defendant" as follows:
"(1) INDIGENT DEFENDANT. Any person involved in a criminal or juvenile proceeding in the trial or appellate courts of the state for which proceeding representation by counsel is constitutionally required and who under oath or affirmation states that he is unable to pay for his defense and who is found by the court to be financially unable to pay for his defense." (Emphasis added.)
These two Code sections were taken from § 9-107 and § 9-101 of Act # 1205, Acts 1975.
Section 5-139(a) of Act # 1205 (presently Code 1975, § 12-15-10), as originally introduced, read as follows:
"5-139. Court costs and expenses.(a) All expenses necessary or appropriate to the carrying out of the purposes and intent of this article and all expenses of maintenance and care of children that may be incurred by order of the court in carrying out the provisions and intent of this article, except costs paid by parents, guardian or trustee, court costs and attorney fees shall be valid charges and preferred claims against the county and shall be paid by the county treasurer when itemized and sworn to by the creditor or other persons knowing the facts in the case, and approved by the court."
An amendment to Act # 1205, § 5-139(a), changed the language to read, as follows:
"5-139. Court costs and expenses.(a) All expenses necessary or appropriate to the carrying out of the purposes and intent of this article and all expenses of maintenance and care of children that may be incurred by order of the court in carrying out the provisions and intent of this article, (except costs paid by parents, guardian or trustee,) court costs as provided by law and attorney fees shall be valid charges and preferred claims against the county and shall be paid by *1373 the county treasurer when itemized and sworn to by the creditor or other persons knowing the facts in the case, and approved by the court."
It is obvious that the parentheses around the words "except cost paid by parents, guardian or trustee" first appeared in this amendment. Act # 1205 was adopted with the parentheses around these words. When the legislature adopted the 1975 Code, it removed the parentheses, thereby making Act # 1205 read as it did when originally introduced. Reading Act # 1205 in pari materia, and considering the removal of the parentheses by the legislature when it adopted the 1975 Code, I am of the opinion that the purpose for removing the parentheses was to clarify the question of who was responsible for compensating attorney appointed to represent indigent juvenile defendants. In other words, I believe that the legislature specifically intended to remove the parentheses which the majority now, by statutory construction, have replaced. In short, I believe that reading Act # 1205 in pari materia, it is apparent that the responsibility for indigent defense in both criminal and juvenile proceedings is upon the state unless the parent, guardian or trustee is ordered to pay the attorney fees as provided in § 12-15-11.