This appeal is by the Town of Loxley, Alabama, defendant below, from a judgment granting a permanent injunction against Loxley extending its water system to serve residents within the service area of the Rosinton Water, Sewer and Fire Protection Authority. We reverse.
 Issue
The dispositive issue in this case is whether an incorporated Alabama municipality may extend its water system outside its corporate limits to provide water to residents within the service area of a water, sewer, and fire protection authority incorporated under the provisions of § 11-88-1, et seq., Code 1975.
 The Facts
The facts in this case were stipulated. Loxley owns and operates a water distribution system which is the sole source of water for industrial and domestic use within its corporate limits.
Rosinton is a duly constituted authority organized pursuant to § 11-88-1, et seq., Code 1975. Rosinton has a designated service area of approximately 110 square miles which bounds Loxley on its north, east and west sides. Rosinton does not provide water service to any part of its service area at the present time and has not arranged financing for construction of a water service system. It has, however, completed a substantial portion of the engineering work and feasibility study necessary to the completion of its water system.
Loxley desires, and intends, to expand its water system so as to provide water service outside its corporate limits. A portion of the area which would be served by Loxley's expanded water system lies within Rosinton's designated service area. After Loxley had arranged financing for its water system expansion, Rosinton filed this action and obtained a permanent injunction preventing Loxley from providing water service within Rosinton's service area. The judgment granting that injunction reads in pertinent part as follows:
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Circuit Court of Baldwin County, Alabama, as follows:
 "1. The Town of Loxley, a Municipal Corporation, its agents, employees, servants or contractors, is permanently enjoined from expanding its water system so as to provide water service within the *Page 707 
Rosinton Water, Sewer and Fire Protection Authority's service area shown by the record in this matter.
 "2. The Town of Loxley may solicit residents of the Rosinton Water, Sewer and Fire Protection Authority's service area to determine if these residents desire Loxley's water service and may conduct water user's surveys in the Authority's service area without violating the terms of this injunction; and it may lay, construct and maintain water transmission lines within said area, but may not serve customers from such lines."
 The Opinion
This case is of first impression in Alabama. Under present Alabama statutes, municipalities are authorized to expand, without restriction, their water and sewer systems outside their city limits. This authority has its origin in § 11-81-161
(b) and § 11-50-5 (a), Code 1975, which read:
§ 11-81-161 (b):
 "(b) Any county or incorporated municipality in the state that may now or hereafter own and operate a waterworks system, sanitary sewer system, gas system or electric system is authorized to improve, enlarge, extend and repair such system and to furnish the services, commodities and facilities of such system to domestic or industrial users or both within or without the limits of such county or municipality, as the case may be."
§ 11-50-5 (a):
 "(a) Any municipality in this state may construct, purchase, operate, maintain, enlarge, extend and improve waterworks plants and systems or any part or parts thereof, whether located within or without or partly within and partly without the corporate limits of such municipality. Such plants and systems may be purchased subject to encumbrances and to contracts to furnish water therefrom, the payment and performance of which may be assumed. Any municipality in this state may furnish and distribute, under contract, water to persons, firms and corporations in such municipality and to persons, firms and corporations in the territory surrounding such municipality, whether or not the territory surrounding such municipality is contiguous thereto."
Rosinton contends the above code sections do not give Loxley the right to extend and enlarge its existing water system outside its corporate limits if another governmental body or public corporation claims the right to serve the same area. Rosinton further contends that to hold a municipal corporation could extend, without restriction, its water system would create a chaotic result by allowing public water systems to compete and thus rendering some public water systems economically unfeasible as a result of such competition. Rosinton asserts that the true intent of the legislature is to require a municipality to obtain permission of the county commission before being allowed to expand its water system into the designated service area of an authority such as Rosinton.
Loxley asserts there is no statutory authority restricting the express statutory authority granted it to expand the water system outside its corporate limits. Because there is no statutory authority prohibiting it from expanding its water system into Rosinton's designated service area, Loxley contends that this court must not usurp the role of the legislature by creating such a restriction by judicial fiat. We agree with this contention.
Both parties have appealing equitable arguments as to why this court should rule according to their respective positions. We find that we must rule in favor of Loxley, however, because there is no authority, statutory or otherwise, that requires Loxley to obtain the county commission's approval before expanding its water system into Rosinton's designated service area. Furthermore, Rosinton agrees that the trial court's injunction, permanently restraining Loxley from expanding its service into Rosinton's service area under any circumstances, is overbroad.
In interpreting statutes the underlying consideration, always, is to ascertain *Page 708 
and effectuate the intent of the legislature as expressed in the statutes. Employees' Retirement System of Alabama v. Head,369 So.2d 1227 (Ala. 1979). While specific language used by the legislature is subject to explanation, such language cannot be detracted from, or added to. May v. Head, 210 Ala. 112,96 So. 869 (1923). Furthermore, when the language of a statute is clear and unambiguous there is no room for judicial construction. Employees' Retirement System of Alabama v. Head, supra. Rosinton asks us, in effect, to create a statute that would require Loxley to obtain the Baldwin County Commission's permission before expanding its water service into Rosinton's service area. Rosinton supports this request by arguing that a chaotic condition will develop if municipalities can expand their water systems into areas where other water systems exist, or are being built, and the legislature would have corrected this possible chaotic condition if such situation had been brought to its attention. This court, long ago, stated that we may not amend statutes so as to make them express what we may conceive the legislature would have done or should have done.May v. Head, supra. It is clearly not this court's function to usurp the role of the legislature and correct defective legislation or amend statutes under the guise of construction.Employees' Retirement System of Alabama v. Head, supra. The purpose of interpretation is not to improve a statute but rather to explain the express language used in the statute.Lewis v. Hitt, 370 So.2d 1369 (Ala. 1979).
To rule in favor of Rosinton would require this court to usurp the role of the legislature by legislating rather than interpreting. We recognize that the statutes governing municipal water systems, and the statutes governing water authorities, can create anomalous situations such as exist in this case; however, it is the legislature that must amend the statutes to prevent such situations from arising. It is clear in this case that Loxley has express statutory authority, clear and unambiguous, to expand its water system outside its corporate limits.
For the reasons assigned, the judgment below must be reversed and the case remanded to the trial court for entry by that court of a judgment consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and BEATTY, JJ., concur.