On February 26, 1975, Dumas Brothers Manufacturing Company, Inc., obtained a judgment against Samuel T. Dumas, Jr., d/b/a Samuel T. Dumas Construction Company, for $234,000 plus costs. That judgment was affirmed by this Court on April 2, 1976.Dumas v. Dumas Brothers Manufacturing Co., Inc., 295 Ala. 370,330 So.2d 426 (1976).
On February 15, 1977, Dumas Brothers Manufacturing Co., Inc., filed a complaint against Southern Guaranty Insurance Company and Samuel T. Dumas, Jr., alleging that Samuel T. Dumas, Jr., was the owner of a liability insurance policy issued by Southern Guaranty with coverage in the amount of $50,000, but that Southern Guaranty negligently or through bad faith failed to settle the initial suit by Dumas Brothers Manufacturing Company, Inc., against Samuel T. Dumas, Jr., d/b/a Samuel T. Dumas Construction Company. Additionally, Dumas Brothers Manufacturing Company, Inc., alleged that Southern Guaranty failed and refused to pay that portion of the original judgment ($234,000) exceeding $50,000 (i.e., $184,000). The ad damnum
claimed total damages in the sum of $200,000.
Prior to the suit by Dumas Brothers Manufacturing Co., Inc., against Southern Guaranty, Southern Guaranty paid into the United States Federal District Court for the Southern District of Alabama $89,324.82 in a garnishment action, which sum represented the $50,000 policy limits on Southern Guaranty's liability insurance with Samuel T. Dumas, Jr., plus penalty and interest.
On April 21, 1977, Samuel T. Dumas, Jr., moved to dismiss the complaint against him. This motion was granted on June 28, 1977. On May 17, 1977, Southern Guaranty filed a motion to dismiss the complaint against it, or, in the alternative, for summary judgment. The motion averred that Dumas Brothers Manufacturing Company, Inc., had no standing to bring an action against Southern Guaranty seeking to recover that portion of the original judgment exceeding the $50,000 policy limits. This motion was granted on June 28, 1977.
Dumas Brothers Manufacturing Company, Inc., filed an amended complaint on August 3, 1977, including as a party plaintiff Central Bank of Mobile (an assignee of its claim against Southern Guaranty). Southern Guaranty, on August 22, 1977, filed a motion to strike the amended complaint, alleging, interalia, that Dumas Brothers Manufacturing Company, Inc., lacked standing to bring the action.
On January 18, 1979, Samuel T. Dumas, Jr., filed a cross-claim against Southern Guaranty, alleging that it negligently or in bad faith failed to settle the plaintiff's claim against him. Southern Guaranty filed a motion for summary judgment as to this cross-claim on August 23, 1979, which was granted on March 31, 1981. This Court affirmed the trial court's ruling on December 18, 1981. Dumas v. Southern GuarantyInsurance Company, 408 So.2d 86 (Ala. 1981). *Page 536 
On August 16, 1982, the trial court granted Southern Guaranty's motion to strike the amended complaint of Dumas Brothers Manufacturing Company, Inc. This appeal followed. We affirm.
 DECISION
Code 1975, § 27-23-2, reads as follows:
 "Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment. (Acts 1953, No. 283, p. 350; Acts 1971, No. 407, § 485.)" (Emphasis added.)
Premised upon this statute, the sole dispositive issue is the propriety vel non, of direct actions by judgment creditors (Dumas Brothers Manufacturing Co., Inc.) against insurers (Southern Guaranty) of insureds (Samuel T. Dumas, Jr.), seeking amounts in excess of policy liability limitations for the insurer's alleged negligent or bad faith efforts to settle underlying claims between the creditor and the insured.
Section 27-23-2 — commonly referred to as the direct action statute — plainly limits recovery by the judgment creditor to:
 "the insurance money provided for in the contract of insurance between the insurer and the defendant. . . ."
Conceding the applicability of this legislative pronouncement, Appellants submit that, upon the occurrence of the original casualty, Dumas Brothers Manufacturing Co., Inc., became "immediately thereby vested" with all of the rights of the insured (Samuel T. Dumas, Jr.) against the insurer (Southern Guaranty); and, to the extent that any recovery was available to Samuel T. Dumas, Jr., against Southern Guaranty (and for whatever amount), § 27-23-2 allows Dumas Brothers Manufacturing Company, Inc., to fully pursue that remedy against Southern Guaranty. We disagree.
The judiciary's fundamental role, in the realm of statutory construction, is ascertaining and effectuating legislative intent. Lewis v. Hitt, 370 So.2d 1369 (Ala. 1979); Employees'Retirement Systems of Alabama v. Head, 369 So.2d 1227 (Ala. 1979). Consequently, when the statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent must be given effect. Town of Loxley v. Rosinton Water, Sewer and FireProtection Authority, Inc., 376 So.2d 705 (Ala. 1979).
Notwithstanding a certain persuasiveness in Appellants' argument, we cannot manipulate the plain language of the statute to afford Appellants the right of recovery directly from the insurer for more than the amount of coverage provided in the policy between the insurer and its insured, exclusive of interest and penalties. Consequently, we affirm the trial court's order rejecting Appellants' contentions.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur. *Page 537