This is an appeal by defendant, East Montgomery Water, Sewer and Fire Protection Authority, a public corporation, from a summary judgment rendered in favor of the plaintiff, the Water Works and Sanitary Sewer Board of the City of Montgomery, a public corporation, in plaintiff's action for a declaratory judgment.
Having considered the briefs of the parties, together with the record, the Court finds that the controlling issue is a narrow one dealing with statutory construction. That issue having been aptly and correctly considered by the trial court, the opinion of that court is adopted as the opinion of this Court:
"This cause comes before the Court on the motion of Plaintiff The Water Works and Sanitary Sewer Board of the City of Montgomery for summary judgment pursuant to A.R.Civ.P., Rule 56 (a). After consideration of the pleadings, the materials submitted by the Plaintiff in support of its motion, the responses of the Defendant, the arguments of counsel for the parties, and all other relevant, admissible evidence, the Court concludes that there is no genuine issue of material fact and that the Plaintiff's motion is due to be granted as a matter of law.
"Plaintiff The Water Works and Sanitary Sewer Board of the City of Montgomery is a public corporation organized under the authority of §§ 11-50-310 through 11-50-324, Code of Alabama 1975, for the primary purpose of operating the water and sanitary sewer systems in the City of Montgomery and the territory surrounding the City. The City conveyed its water and sanitary sewer systems to the Plaintiff Board some years ago, and has periodically granted franchises to the Plaintiff permitting its operation of the systems within the City's corporate limits and police jurisdiction. *Page 1090 
The Plaintiff Board clearly possesses the authority as a matter of law
 "`[t]o acquire, purchase, construct, operate, maintain, enlarge, extend and improve any system or systems, the operation of which is provided for in the certificate of incorporation of such corporation of any amendment thereto (* * * whether such system or systems are located within or without or partly within and partly without the limits of the municipality which authorized the organization of such corporation or within the limits of another municipality) * * *'
"§ 11-50-314, Code of Alabama 1975 (emphasis supplied). The Defendant East Montgomery Water, Sewer and Fire Protection Authority is, on the other hand, a public corporation organized under §§ 11-88-1 through 11-88-21, Code of Alabama 1975, and generally furnishes water, sewer and fire protection services and facilities within a designated service area, which includes portions of eastern Montgomery County beyond the corporate limits of the City of Montgomery.
"A Montgomery real estate developer is currently engaged in the planning for construction of a golf course and a rather substantial residential subdivision on a tract of land located east of the present Montgomery city limits near the intersection of Vaughn and Ray Thorington Roads. As the development site lacks both water supply and sewage disposal facilities, the developer discussed the matter of providing those services with representatives of both the Plaintiff Board and Defendant Authority on several occasions, and ultimately extended a formal request to the Plaintiff to extend its existing water and sanitary sewer lines to the site. Although the Plaintiff Board is receptive to the request and intends to serve the development, the Plaintiff recognized that in 1982 the Alabama Legislature implemented Act 82-624, now codified as § 11-50-1.1, Code of Alabama 1975:
 "`Municipalities are hereby prohibited from acquiring, or duplicating any services of, any waterworks system or any part thereof, operated by a corporation or association which has been organized under sections 10-4-190 through 10-4-194, sections 11-88-1 through 11-88-21, sections 11-88-40 through 11-88-111, or sections 11-89-1 through 11-89-19, without the consent of a majority of the members of the governing board of said corporation or association.'
"It is undisputed that the Defendant Authority also proposes to provide water and sewage disposal services to the development and, assuming the applicability of § 11-50-1.1, would not give `consent' for the Plaintiff Board to do so in its stead.
"In light of the foregoing situation, the Plaintiff Board instituted this action under the Declaratory Judgment Act, §§6-6-220 et seq., Code of Alabama 1975, seeking a judicial determination that § 11-50-1.1 is either unconstitutional, inapplicable to the previously described situation because the Plaintiff would not in fact be `acquiring, or duplicating any services of' the Defendant, or inapplicable to the Plaintiff because the Plaintiff is a public corporation and not a `municipalit[y].' Of these three points, only the latter has been addressed by the Plaintiff's motion for summary judgment and argued by the parties, and the Court finds that resolution of this issue is dispositive of the case. A justiciable controversy capable of resolution through a declaratory judgment is undoubtedly presented by this case, but the Court determines that there is no genuine issue of any material fact and that the construction of § 11-50-1.1 is a matter of law.
"It is, of course, well settled that, in construing a statute, this Court is under the duty to ascertain the legislative intent from the language used in the enactment, and `when the statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent must be given effect.' Dumas BrothersManufacturing Company, Inc. v. Southern Guaranty InsuranceCompany, 431 So.2d 534, 536 (Ala. 1983). In this case, the statute in issue — § 11-50-1.1 — clearly prohibits `[m]unicipalities' *Page 1091 
from `acquiring, or duplicating any services of, any waterworks systems or any part thereof' operated by corporations like the Defendant Authority. The term `municipalities' refers in its most commonly understood sense to cities and towns — municipal corporations — and, indeed, § 11-50-1.1 is obviously intended by the Legislature to address water systems owned and operated by cities and towns themselves, see, e.g., §§ 11-50-1 et seq., Code of Alabama 1975, particularly in light of the Supreme Court's decision in Town of Loxley v. Rosinton Water, Sewer andFire Protection Authority, Inc., 376 So.2d 705 (Ala. 1979). By the same reasoning, however, the term `municipalities' excludes a public corporation like the Plaintiff Board since it is well established that `a public corporation organized under the Water Board Statute . . . is an entity separate and independent from the city which it serves. . . .' Water Works Board of Cityof Leeds v. Huffstutler, 292 Ala. 669, 677, 299 So.2d 268
(1974). If the Legislature had intended to include public corporations like the Plaintiff Board within the scope of §11-50-1.1, it could have enumerated those sections of the Code of Alabama which provide for the formation of such corporations in the same manner that it delineated the various public entities which are protected by the section. As the Legislature did not do so, but instead used the rather narrow and unambiguous term `municipalities,' this Court cannot supply by statutory construction that which the Legislature did not expressly provide for in the statute. See, e.g., Town of Loxleyv. Rosinton Water, Sewer and Fire Protection Authority, Inc.,376 So.2d 705, 708 (Ala. 1979).
"The Court concludes that, as a matter of law, the Plaintiff Board is not within the operative effect of § 11-50-1.1 since it is not a `municipality,' but a public corporation. Concomitantly, the Plaintiff Board is not required by law to obtain any form of `consent' from the Defendant Authority prior to extending its water and sewer lines into territory, like that involved here, which surrounds the City of Montgomery. In light of this conclusion, the Court need not, and does not, express any opinion on either the constitutionality of §11-50-1.1, or the point of whether the Plaintiff Board would be `acquiring, or duplicating any services of' the Defendant Authority within the ambit of § 11-50-1.1, under the circumstances presented.
"It is, therefore, ORDERED, ADJUDGED and DECREED that the motion of Plaintiff The Water Works and Sanitary Sewer Board of the City of Montgomery for summary judgment be, and the same is hereby, GRANTED. Costs are taxed against the Defendant East Montgomery Water, Sewer and Fire Protection Authority, for which execution may issue.
"Entered on this the 30th day of November, 1984."
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.