MADDOX, Justice.
Plaintiff James E. Farrior appeals from the trial court’s denial of his petition for writ of mandamus. The trial court denied the writ on the grounds that Farrior’s experience as a law clerk and legal research aide prior to the time he was licensed to practice law in Alabama was insufficient to satisfy the requirements of Act No. 582, 1976 Ala. Acts, and entitle him to an expense allowance. We reverse and remand with instructions for the circuit court to issue the writ.
Code 1975, § 12-17-63, requires that all candidates for the position of district court judge be licensed to practice law in Alabama. Farrior had been admitted to prac *234 tice in Alabama on September 28, 1976. In 1975, he was admitted to practice in Florida.
Farrior served as the District Judge of Lawrence County from January 1977 to January 1983. In 1979, the Alabama legislature passed Act No. 79-216, effective June 19, 1979, which provided that the district attorney and the district judge of the Thirty-sixth Judicial Circuit (Lawrence County) were entitled to a supplemental expense allowance in an amount equal to the supplemental allowance paid from county funds to the district attorney and the district judge of the Eighth Judicial Circuit. The supplemental allowance for the district judge of the Eighth Judicial Circuit (Morgan County) is provided by Act No. 582, 1976 Acts of Alabama, which states, in pertinent part:
“Section 1. Each district court judge of the District Court of Morgan County pursuant to the creation of the court of [sic] Alabama Act No. 1205, S. 400 of the 1975 Regular Session (Acts 1975, p. 2384) shall be entitled to an expense allowance equal to an amount representing the difference between said judge’s salary and $4,375 less than the salary and expense allowance paid to circuit judges of the Eighth Judicial Circuit if the said district court judge has been engaged in the active practice of law or in any other position in which legal knowledge was customarily and primarily used more than five (5) but less than (9) years; or $1,250 less than the salary and expense allowance paid to circuit judges of the Eighth Judicial Circuit if the said district court judge has been engaged in the active practice of law or in any other position in which legal knowledge was customarily and primarily used more than nine (9) years.
“Such expense allowance authorized as aforesaid shall be paid in lieu of any other expense allowances presently provided by law for such officials and shall be paid from the general fund of Morgan County in monthly installments.” (Emphasis added.)
At the end of January 1981, the Lawrence County Commission paid Farrior the salary supplement he was due under the provisions of the Act, and, computed the sum due to be effective January 20, 1981. Farrior was paid this supplement the two final years of his term.
The record shows that prior to becoming a district court judge, Farrior had the following law-related work experience:
(1) Prior to graduation from law school — employed as a law clerk by Carter McFerrin, a Birmingham attorney with a general law practice;
(2) After graduation from law school in May 1974 through November 1974 — employed as a law clerk by Birmingham attorney Carter McFerrin;
(3) From November 1974 to October 1975 — employed as a legal research aide for the Board of Corrections;
(4) From October 1975 to August 23, 1976 — employed essentially as a law clerk or legal research aide for what is now the Office of Prosecution Services;
(5) During parts of 1975 and 1976— taught night classes of business law and environmental law at Alabama Christian College during two academic terms in 1975 and taught night classes of basically the same subjects at Troy State University during the spring 1976 term;
(6) From August 23, 1976, to January 1977 — except for time spent on a brief campaign as a write-in candidate for the office of District Judge of Lawrence County, unemployed.
Farrior sued the Lawrence County Commission and its members, contending that the positions listed above are ones “in which legal knowledge was customarily and primarily used,” and that he was entitled to an expense allowance for the period of June 1979 to January 1981. The parties stipulated at trial that the expense allowance which accumulated during this period amounts to $22,630.00. We agree with Farrior as to his basic argument, though we do not accept his full claim, and reverse.
One of the basic rules of statutory construction is that, in determining legislative *235 intent, this Court will give words and phrases the same meaning they have in ordinary, everyday usage. Fuller v. Associates Commercial Corp., 389 So.2d 506 (Ala.1980). When a statute’s language is clear, there is no room for judicial construction, and the clearly expressed legislative intent must govern. Dumas Brothers Manufacturing Co. v. Southern Guaranty Insurance Co., 431 So.2d 534 (Ala.1983).
While our research has revealed no cases in either Alabama or other jurisdictions exactly on point, we are of the opinion that a person with a law degree can hold a position where “legal knowledge” is “customarily and primarily used” even though he is not licensed to practice law in the state in which he is working. This being the case, we are of the opinion that Farrior, prior to his admission to the Alabama Bar, was employed in positions which required that he possess and use “legal knowledge.” Therefore, Farrior is entitled to be paid the expense allowance provided by Act No. 79-216.
However, we are of the opinion that the phrase “engaged in the active practice of law or in any other position in which legal knowledge was customarily and primarily used” contemplates that only work experience subsequent to graduation from law school should be included in calculating the five-year period. Farrior was unemployed for four months from August 23, 1976, to January 1977; thus, we cannot allow him to recover from June 1979, as he claims, because to do so (in light of the four months of unemployment) would require that we count part of the time he worked as a law clerk during law school. Therefore, Farrior is entitled to recover from sometime about September 1979, rather than June 1, 1979. We, therefore, reverse and remand for the trial court to determine the exact amount of the expense allowance due Farrior and to issue the writ of mandamus.
The judgment of the trial court denying petitioner’s writ of mandamus is due to be reversed, and the cause remanded.
REVERSED AND REMANDED.
JONES, BEATTY, ADAMS and HOUSTON, JJ., concur.
TORBERT, C.J., and SHORES, J., dissent.
ALMON and STEAGALL, JJ., not sitting.