KENNEDY, Justice.
The plaintiffs, Darrell Hobden and Kathryn Hobden, appeal from a judgment based on a verdict directed in favor of the defendants, James Snow and Francis Snow. We reverse and remand.
The issue is whether the Mobile County Circuit Court erred by ruling that there was not a scintilla of evidence that the Snows were guilty of willful conduct in the intoxication of one of their employees, Tob-bie Lee Holt, Sr.
The Snows were the owners, officers, directors, and managers of Snow’s Machine & Welding, Inc., of Prichard, Alabama. They employed Darrell Hobden, Charles Hobden, Kenny Hobden, Joe Ray, and Tob- *318 bie Lee Holt, Sr. Plaintiff Darrell Hobden was employed as a welder. James Snow, a co-owner and appellee here, worked as a welder and machinist. Francis Snow, also a co-owner and appellee here, was a supervisor and managed the office. Holt was employed to do general labor. On April 7, 1986, Holt was helping Darrell and Kenny Hobden move some quarter-inch steel rods, which were 20 feet long, to a rack that was approximately 9¾⅛ feet from the ground. As they were putting one of the rods on the rack, Holt climbed up the side of the rack to guide the rod to its resting place. After Darrell Hobden, who was at the other end, pushed the rod up to Holt, Holt released the rod and it hit Darrell Hobden in the eye. Darrell Hobden was blinded by the impact of the rod. Hobden and his wife sued the Snows and Holt, contending that they were guilty of negligence and willful misconduct. After this action was filed, Holt died. Holt’s name was deleted from the complaint, and only the Snows remain as defendants.
Joe Ray and Charles Hobden testified that, on the morning of the accident, Holt was intoxicated. Ray and each of the Hob-dens also testified that the Snows, on many occasions, had bought wine for Holt or had lent him money for the express purpose of buying wine. The Snows testified that Holt drank while he worked, but denied ever buying him wine or giving him money to buy wine. Francis Snow admitted that he knew that, on other occasions, Holt drank before helping load the rods.
This case arises from a dispute over the interpretation of Code 1975, §§ 25-5-11(b) and 25-5-11(c)(3). Section 25-5-11(b) states:
“If personal injury or death to any employee results from the willful conduct, as defined in subsection (c) herein, of any officer, director, agent, servant or employee of the same' employer or any workers’ compensation insurance carrier of the employer or any person, firm, association, trust, fund or corporation responsible for servicing and payment of workers’ compensation claims for the employer, or any officer, director, agent, servant or employee of such carrier, person, firm, association, trust, fund or corporation, or of a labor union, or an official or representative thereof, the employee shall have a cause of action against such person, workers’ compensation carrier or labor union.”
Section (c)(3) defines “willful conduct” of any officer, director, agent, servant, or employee as:
“The intoxication of another employee of the employer when the conduct of that employee has wrongfully and proximately caused injury or death to the plaintiff or plaintiff’s decedent, but no employee shall be guilty of willful conduct on account of the intoxication of any other employee or other person.”
When the legislature enacted the Workmen’s Compensation Act, it intended to give employers complete immunity and to give officers, directors, agents, servants, or employees of the employer limited immunity from suit by co-employees. Code 1975, § 25-5-14; Reed v. Brunson, 527 So.2d 102, 116 (Ala.1988). Where the actions of those other than the employer were willful, the injured employee may have a cause of action. Code 1975, § 25-5-11(b).
Because this case was filed before June 11, 1987, the “scintilla rule” was applicable to the motion for a directed verdict. Code 1975, § 12-21-12. The scintilla rule compels the trial court to present the case to the jury “if there is a mere ‘gleam,’ glimmer, spark or least particle ... afforded from the evidence to sustain the issue.” Orange v. Shannon, 284 Ala. 202, 206, 224 So.2d 236 (1969). The trial court should grant a motion for directed verdict only “where there are no disputed questions of fact on which reasonable people could differ.” Ritch v. Waldrop, 428 So.2d 1, 2 (Ala.1982). To determine if there were any “disputed questions of fact,” this Court must base its decision on the evidence presented at trial. Osborn v. Johns, 468 So.2d 103, 105 (Ala. 1985).
At trial, Charles Hobden testified that, on the morning of the accident, Tobbie Holt drank nearly a half of a bottle of wine and that he “was laughing, clowning around, *319 jumping around, and sticking a gun in his mouth,” and that later that morning, Holt was drinking again, this time in the owners’ presence. Charles Hobden also testified that, on other occasions, the Snows would lend Holt money to buy wine.
Joseph Ray testified that the Snows considered Holt’s drinking to be humorous, even though it was done during working hours. He also stated that Francis Snow would lend Holt money to buy wine.
Kenny Hobden testified that he had seen both of the Snows buy Holt wine and that one of them had bought him wine three or four days before the accident. He also said that the Snows considered Holt’s drinking to be humorous.
Finally, Darrell Hobden testified that Holt often drank on the job and that the Snows helped him buy his wine.
This testimony, offered by the plaintiffs at trial, certainly showed some evidence that the defendants acquiesced in Holt’s drinking on the job. The consensus of the plaintiffs’ witnesses was that the Snows not only sometimes had lent money to Holt to buy wine, but had actually bought him wine a few days before the accident. However, for the Hobdens to present to a jury their claim against the Snows, they must show at least a trace of evidence that the Snows willfully participated in the intoxication of Holt.
“Willful conduct” by an officer or director includes “[t]he intoxication of [an] employee of the employer when the conduct of that employee has wrongfully and proximately caused injury” to another employee. Code 1975, § 25-5-11(c)(3). The defendants argue that a necessary element of recovery under § 25-5-ll(c)(3) is intent. We disagree. The legislature, when it established immunity from co-employee lawsuits, provided four instances in which an injured employee may recover against an officer, director, agent, servant, or other employee. Subsections (c)(1), (2), and (4) specifically require an intentional act for recovery. Section (c)(3), which applies to this ease, does not require an intent to intoxicate the employee. A careful reading of subsection (c)(3) reveals the legislature’s intent. It specifically states that employees are not liable for the willful conduct caused by intoxication of a fellow employee. The reason for this is correctly pointed out by the appellants: the legislature apparently felt that employees should not be held liable for the behavior of fellow employees. However, officers and directors have the responsibility for supervising their employees and ensuring that they remain sober on the job. An injured employee may recover against an officer if that officer’s conduct resulted in the intoxication of another employee who, in turn, caused the injury. This interpretation is buttressed by that part of (c)(3) which states “but no employee shall be guilty of willful conduct on account of the intoxication of any other employee or other person.” In other words, an injured employee may sue a director for intoxicating his employee, but he cannot sue another employee who helped intoxicate that employee. Absent any ambiguity in the statute, there is “no room for judicial construction and the clearly expressed intent must be given effect.” Dumas Brothers Mfg. Co. v. Southern Guaranty Ins. Co., 431 So.2d 534, 536 (Ala.1983). The legislature did not intend that the officer or director who has been put on notice of an employee’s intoxication at work should be protected from liability when he acquiesces in the intoxication.
When considering a motion for a directed verdict, the trial court must view the evidence in a light most favorable to the nonmoving party. City of Mobile v. Dirt, Inc., 475 So.2d 503, 504 (Ala.1985). Applying this test here, the Hobdens certainly presented a scintilla of evidence that the Snows had participated in the intoxication of Holt and that that intoxication had proximately caused the blinding of Darrell Hobden.
Accordingly, we reverse the judgment and remand for a new trial consistent with this opinion.
REVERSED AND REMANDED.
JONES, SHORES and ADAMS, JJ., concur.
*320 HORNSBY, C.J., concurs specially.
MADDOX and STEAGALL, JJ., concur in the result.
HOUSTON, J., dissents.